UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Richard Sostre,

Plaintiff,

-against-

ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,

Defendants.

CA 07 289 ML

07 CV __________

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.§1441 AND LOCAL CIVIL RULE 81

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants hereby remove to this Court the State Court action described below:

Filing of State Court Complaint

1. On June 11, 2007, Plaintiff Richard Sostre commenced an action in the Superior Court of the State of Rhode Island, entitled *Richard Sostre v. Anthony Ryan Leslie, et al.*, C.A. No. 07-0293, by filing a complaint dated June 8, 2007. See Summons and Complaint attached hereto as Exhibit A.

Defendants' Receipt of Complaint

2. On July 5, 2007, Plaintiff caused to be delivered to 220 East 42nd Street a copy of the aforementioned Complaint attached to Summonses dated June 27, 2007 directed to Defendants

Thomas Mottola, the Mottola Company, Inc., Champion Entertainment Group, Inc., and Casablanca Records. Defendants Thomas Mottola, the Mottola Company, Inc., Champion Entertainment Group, Inc. acknowledged service of process by letter dated August 3, 2007.

3. On July 5, 207, Plaintiff caused to be delivered by hand to Defendant Warner Music Group Corp. ("WMG") a copy of the aforementioned Complaint attached to Summons dated June 27, 2007 directed to said defendant. Defendant WMG acknowledged service of process by letter dated July 24, 2007.

4. On July 5, 207, Plaintiff caused to be delivered by hand to Bad Boy Entertainment, Inc. ("BBE") a copy of the aforementioned Complaint attached to Summons dated June 27, 2007 directed to said defendant. Defendant BBE acknowledged service of process by letter dated July 24, 2007.

5. Plaintiff has acknowledged that service has not been effectuated, or attempted, on Defendants Sean Combs and/or Gwen Niles.

6. On July 5, 2007, Plaintiff caused the Complaint to be served on Universal Music Group by hand delivery, in care of C.T. Corporation System in New York, New York.

7. This Notice of Removal is being filed within thirty days after the first Defendant was served or otherwise received the Complaint.

<u>Basis for Removal</u>

8. All Defendants who have been served with process agree to removal, as is evidenced by the filing of this Notice of Removal and the Notices of Joinder by Defendants BBE, WMG, Anthony Ryan Leslie, NextSelection, Inc. d/b/a NextSelection Lifestyle Group, NextSelection Music Publishing, Inc., and Ed Woods (individually and in his official capacity). (See Notices of Joinder <u>Exhibits B, C and D</u>.)

9. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C.§ 1332. Defendants may remove this action to this Court pursuant to the provisions of 28 U.S.C.§ 1441(a) and (b) because it is a civil action between citizens of different states, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because none of the defendants in this action is a citizen of the forum State.

10. Venue is proper in this district because the District of Rhode Island embraces the county where the State Court action was filed.

Diversity of the Parties

11. At the commencement of this action, and at all relevant times, Plaintiff Richard Sostre was a citizen of the State of Rhode Island.

12. At the commencement of this action, and at all relevant times, Defendant Anthony Ryan Leslie was a citizen of the State of New York.

13. At the commencement of this action, and at all relevant times, Defendant Bad Boy Entertainment, Inc. was and is incorporated under the laws of the State of New York with its principal place of business in the State of New York.

14. At the commencement of this action, and at all relevant times, Defendant Warner Music Group Corp., was and is incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

15. At the commencement of this action, and at all relevant times, Defendant Universal Music Group, Inc., was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.[1]

---

1 Universal Music Group, Inc. believes and therefore avers that Plaintiff sued the incorrect entity. Universal Music Group, Inc. does not operate a record company; rather, it is a stock holding company. UMG Recordings, Inc is the record company and operating entity, which houses all of Universal's record label divisions in the United States. UMG Recordings, Inc. is corporation,

16. At the commencement of this action, and at all relevant times, Defendant Casablanca Records was and is a limited liability company, organized under the laws of the State of New York with its principal place of business in the State of New York.

17. At the commencement of this action, and at all relevant times, Defendant the Mottola Company, Inc. was and is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York.

18. At the commencement of this action, and at all relevant times, Defendant Champion Entertainment Group, Inc. was and is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York.

19. At the commencement of this action, and at all relevant times, Defendant NextSelection, Inc. d/b/a NextSelection Lifestyle Group was and is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York.

20. At the commencement of this action, and at all relevant times, Defendant NextSelection Music Publishing, Inc. was and is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York.

21. At the commencement of this action, and at all relevant times, Defendant Ed Woods was and is a citizen of the State of New York.

22. At the commencement of this action, and at all relevant times, Defendant Gwen Niles was and is a citizen of the State of New York.

23. At the commencement of this action, and at all relevant times, Defendant Thomas Mottola was and is a citizen of the State of New York.

---

incorporated under the laws of the state of Delaware, and its principal place of business is in Santa Monica, California.

24. At the commencement of this action, and at all relevant times, Defendant Sean Combs was and is a citizen of the State of New York.

Amount in Controversy

25. The matter in controversy in this action, exclusive of interest and costs, exceeds $75,000.

26. Plaintiff has sued Defendants for compensatory damages, including for Defendant Leslie's failure to pay Plaintiff "twenty percent (20%) of his gross compensation for the period September 1, 2000 to September 1, 2006." (Complaint¶35) On information and belief, such figure alone would exceed $75,000.

27. In addition, Plaintiff has sued Defendants for compensatory damages, including Defendant Leslie's failure to pay Plaintiff "ten percent (10%) of his gross compensation for the period September 1, 2006 and continuing to the present." (Complaint¶36)

28. In addition, Plaintiff has sued Defendants for "lost wages, damages to Plaintiff's reputation and consequential damages." (Complaint¶¶54-57)

29. In addition, Plaintiff has sued Defendants for "emotional pain and suffering." (Complaint¶¶55-57)

30. In addition, Plaintiff has sued Defendants for attorney's fees and punitive damages. (Complaint, Prayer for Relief§§3-4)

31. In filing the Notice of Removal, the Defendants do not waive any of their defenses.

Dated: August 3, 2007

EDWARDS ANGELL PALMER & DODGE LLP

Martha Holt
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200

and

Elaine Johnson James
One North Clematis Street
Suite 400
West Palm Beach, Florida 33401
Tel. (561) 833-7700

*Attorneys for Defendants Universal Music Group, Inc. and Casablanca Records*

By: ______________________
Martha Holt

CHISHOLM CHISHOLM & KILPATRICK LLP

J. Scott Kilpatrick #4036
One Turks Head Place
Ste. 1313
Providence, RI 02903
Tel. (401) 331-6300

By: J. Scott Kilpatrick

and

MANATT, PHELPS & PHILLIPS, LLP
Of Counsel

L. Peter Parcher
Kimo S. Peluso
7 Times Square
New York, New York 10036
Tel. (212) 790-4500

By: ______________________
J. Scott Kilpatrick

*Attorneys for Defendants Thomas Mottola, the Mottola Company, Inc. and Champion Entertainment Group, Inc.*

Dated: August 3, 2007

80400349.1

**Certificate of Service**

I hereby certify that I mailed a copy of the within on the 3rd day of August, 2007 to Louise Herman, Esq, 129 Dyer Street, Providence, RI 02903, Jonathan Davis, Esq., Jonathan D. Davis, P.C., 99 Park Avenue, Suite 1600, New York, NY 10016, Elaine Johnson James, Esq., One North Clematis Street, Suite 400, West Palm Beach, Florida 33401 and Kimo S. Peluso, Esq., Manatt, Phelps & Phillips LLP, 7 Times Square, New York, NY 10036.