# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 07-0293

RICHARD SOSTRE
**Plaintiff**

ANTHONY RYAN LESLIE, et al
**Defendant**

***Summons***

*To the above-named Defendant:* CHAMPION ENTERTAINMENT GROUP, INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Louise A. Herman, Esquire Plaintiff's attorney, whose address is 129 Dyer Street Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: June 27, 2007

(Seal of the Superior Court)

S- 135 (REV. 10/00)

**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**BRISTOL, SC.**

| | |
|---|---|
| **RICHARD SOSTRE,**<br>**Plaintiff**<br><br>**v.**<br><br>**ANTHONY RYAN LESLIE, individually and in his official capacity,**<br>**BAD BOY ENTERTAINMENT, INC.**<br>**WARNER MUSIC GROUP CORP.,**<br>**UNIVERSAL MUSIC GROUP, INC.,**<br>**CASABLANCA RECORDS,**<br>**THE MOTTOLA COMPANY, INC.,**<br>**CHAMPION ENTERTAINMENT GROUP, INC.,**<br>**NEXTSELECTION, INC. d/b/a**<br>**NEXTSELECTION LIFESTYLE GROUP,**<br>**NEXTSELECTION MUSIC PUBLISHING, INC.,**<br>**ED WOODS, individually and in his official capacity,**<br>**GWEN NILES, individually and in her official capacity,**<br>**THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,**<br>**Defendants** | C.A. No.: 07- 0293 |

## COMPLAINT

### I. Introductory Statement

1. This is an action brought by the Plaintiff, Richard Sostre, seeking damages against the Defendants to redress the deprivation of rights secured to the Plaintiff in breach of contract, in breach of the covenant of good faith and fair dealing and in tortious interference with Plaintiff's advantageous business relations.

### II. Parties

2. The Plaintiff, Richard Sostre, is a resident of the Town of Newport, State of Rhode Island.

3. Defendant Anthony Ryan Leslie ("Leslie") is a resident of the City of New York, County of New York, State of New York.

4. Defendant Bad Boy Entertainment, Inc. ("Bad Boy") is licensed to do business in the State of New York with its principal place of business in the City of New York, County of New York, State of New York.

5. Defendant Warner Music Group Corp. ("Warner Music") is licensed to do business in the State of New York with its principal place of business in the City of New York, County of New York, State of New York.

6. Defendant Universal Music Group, Inc. ("Universal") is licensed to do business in the State of New York with its principal place of business in the City of New York, County of New York, State of New York.

7. Defendant The Mottola Company, Inc. ("Mottola Company") is licensed to do business in the State of New York with its principal place of business in the City of New York, County of New York, State of New York.

8. Defendant Champion Entertainment Group, Inc. ("Champion") is licensed to do business in the State of New York with its principal place of business in the City of New York, County of New York, State of New York.

9. Defendant Casablanca Records is a record label that is co-owned by Defendants Universal and Mottola with its principal place of business in the City of New York, County of New York, State of New York.

10. Defendant NextSelection, Inc. d/b/a NextSelection Lifestyle Group ("NextSelection") is licensed to do business in the State of New York with its principal place of business in the Town of Seaford, County of Nassau, State of New York.

11. Defendant NextSelection Music Publishing, Inc. ("NextSelection Publishing") is licensed to do business in the State of New York with its principal place of business in the Town of Seaford, County of Nassau, State of New York.

12. On information and belief, at all times relevant herein, Defendant Leslie ("Leslie") was the Chief Executive Officer of Defendant NextSelection Publishing and NextSelection.

13. On information and belief, at all relevant times herein, Defendant Sean Combs ("Combs") was the Chief Executive Officer of Defendant Bad Boy.

14. On information and belief, at all times relevant herein, Defendant Gwen Niles ("Niles") was an agent and/or employee of Defendant Bad Boy.

15. On information and belief, at all times relevant herein, Defendant Thomas Mottola ("Mottola") was the Chief Executive Officer of Defendants Mottola Company and Champion and co-owner of Defendant Casablanca Records.

16. On information and belief, at all times relevant herein Defendant Ed Woods ("Woods") was an agent and/or employee of Defendants Casablanca Records, Mottola Company and/or Champion.

**III. Jurisdiction**

17. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

**IV. Venue**

18. Venue is proper in this Court pursuant to R.I.G.L §9-4-3 insofar as the Plaintiff resides in the County of Bristol, State of Rhode Island and the contract was entered into in the State of Rhode Island.

## V. Material Facts

19. During all relevant times, Plaintiff worked as a manager in the Music Industry.

20. On or about September 1, 2000, in the State of Rhode Island, Plaintiff entered into a written Personal Management Agreement ("Agreement") with Defendant Leslie.

21. Pursuant to the terms of the Agreement, any action involving any controversy regarding the Agreement must be brought in the courts located in the State of Rhode Island and not elsewhere.

22. Pursuant to the terms of the Agreement, Plaintiff was to serve as Defendant Leslie's sole and exclusive manager, representative and advisor, throughout the world, with respect to all of Defendant Leslie's activities in the Entertainment Industry.

23. Pursuant to the terms of the Agreement, Defendant Leslie was to cause any entity which has the right to Defendant Leslie's services in the Entertainment Industry and in which Defendant Leslie has an interest ("Controlled Entities"), to enter into an agreement with Plaintiff on the same terms and conditions set forth in the Agreement, including the payment to Plaintiff of commissions based upon the gross compensation earned by any and all Controlled Entities during the entire term of the Agreement and following the expiration of the entire term.

24. During all relevant times, Plaintiff performed all of the terms and conditions of the Agreement.

25. Pursuant to the Agreement, the term of the contract consisted of an initial three (3) year term, referred to therein as the "First Contract Period."

26. The Agreement further provided that, if Defendant Leslie has not entered into a term producer agreement with a major record company within one (1) year after September 1, 2000, the Agreement shall automatically terminate on September 1, 2001.

27. On or about March 30, 2001, Defendant Leslie entered into a term producer agreement with Interscope Records, a major record company as defined in the Agreement.

28. The Agreement further provided that Plaintiff shall have the option to extend the initial term, September 1, 2000 through August 31, 2003 ("First Contract Period") for an additional three (3) years, September 1, 2003 through August 31, 2006, ("Second Contract Period") if Defendant Leslie's gross compensation during the First Contract Period is at least $50,000.00.

29. Defendant Leslie's gross compensation exceeded $50,000.00 during the "First Contract Period" and consistent with the terms of the Agreement, Plaintiff properly notified Defendant Leslie of his election to extend the term of the contract, "Second Contract Period" from September 1, 2003 through August 31, 2006.

30. The Agreement further provided that Defendant Leslie was to pay to Plaintiff a commission equal to twenty percent (20%) of Defendant Leslie's gross compensation earned during the entire term of the Agreement and that following the expiration of the entire term, Defendant Leslie is to pay Plaintiff a commission equal to ten percent (10%) of Defendant Leslie's gross compensation for an additional five (5) years.

31. The Agreement provided that, should Defendant Leslie appoint a business manager to receive and administer Defendant Leslie's gross compensation from Defendant Leslie's activities in the Entertainment Industry, then Defendant Leslie is to direct said business manager to pay Plaintiff all commissions and expenses due.

32. On information and belief, Defendant Leslie did, in fact, appoint a business manager.

33. The Agreement provided that as Defendant Leslie's sole and exclusive manager, Plaintiff had sole and exclusive authority to negotiate all offers from third parties for the use of Defendant Leslie's services and the products thereof in the Entertainment Industry.

34. The Agreement further provided that Defendant Leslie is to provide Plaintiff with notice of all offers of employment submitted to Defendant Leslie and to grant Plaintiff the right to audit and examine the books and records of third parties to the Agreement with whom Defendant Leslie has contractual or other rights to do the same.

35. In breach of the terms of the Agreement, Defendant Leslie has failed and/or refused to pay Plaintiff twenty percent (20%) of his gross compensation for the period September 1, 2000 to September 1, 2006.

36. In breach of the terms of the Agreement, Defendant Leslie has failed and/or refused to pay Plaintiff a commission equal to ten percent (10%) of his gross compensation for the period September 1, 2006 and continuing to present.

37. In breach of the terms of the Agreement, on information and belief, Defendant Leslie has caused others, including Defendants Woods, Niles, Mottola and Combs to serve as Defendant's exclusive managers.

38. In breach of the terms of the Agreement, Defendant Leslie failed and/or refused to provide Plaintiff with notice of all offers of employment submitted to Defendant Leslie;

39. In breach of the terms of the Agreement, Defendant Leslie failed and/or refused to grant Plaintiff the right to audit and examine the books and records of third parties to the Agreement with whom Defendant Leslie has/had contractual or other rights to do the same.

40. In breach of the terms of the Agreement, Defendant Leslie has failed and/or refused to direct said business manager to pay Plaintiff all commissions due.

41. In breach of the terms of the Agreement, Defendant Leslie has failed and/or refused to allow Plaintiff to negotiate all offers from third parties for the use of Defendant Leslie's services and the products thereof in the Entertainment Industry.

42. In breach of the terms of the Agreement, Defendant Leslie has failed and/or refused to cause any and all Controlled Entities, including but not limited to NextSelection and NextSelection Publishing, to enter into agreements with Plaintiff on the same terms and conditions set forth in the Agreement.

43. Plaintiff has a vested interest in Defendant Leslie's activities in the Entertainment Industry and is entitled to an accounting from Defendant Leslie and to have the financial records of Defendant Leslie audited by an accountant of Plaintiff's choice and to be paid proper commissions as reflected by the audit.

44. In accordance with the terms of the Agreement, Plaintiff properly provided Defendant Leslie with written notice of Defendant Leslie's breach of the Agreement and Defendant Leslie has failed and/or refused to take any action to cure.

**<u>Tortious Interference with Advantageous Business Relations</u>**

45. During all relevant times, Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, NextSelection, NextSelection Publishing, Woods, Niles and Mottola, knew or should have known of the existence of the Plaintiff's contractual relationship with Defendant Leslie.

46. Despite Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, NextSelection, NextSelection Publishing, Woods, Niles and Mottola's knowledge of the existence of the contractual relationship between Plaintiff and Defendant Leslie, during the term of said contractual relationship and in breach of said contractual relationship, Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, Woods, Niles and Mottola entered into managerial relationships with Defendant Leslie and/or Defendant Leslie's controlling entities, including but not limited to, NextSelection and/or NextSelection Publishing.

47. Despite Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, NextSelection, NextSelection Publishing, Combs, Woods, Niles and Mottola's knowledge of the existence of the contractual relationship between Plaintiff and Defendant Leslie, during the term of said contractual relationship and in breach of said contractual relationship, Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, Combs, Woods, Niles and Mottola served as managers for Defendant Leslie and/or Defendant Leslie's controlling entities.

48. Despite Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, NextSelection, NextSelection Publishing, Combs, Woods, Niles and Mottola's knowledge of the existence of the contractual relationship between Plaintiff and Defendant Leslie, during the term of said contractual relationship and in breach of said contractual relationship, Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Combs, Woods, Niles and Mottola undertook management functions exclusively and expressly designated to Plaintiff in the Agreement.

49. Despite their knowledge of the existence of the contractual relationship between Plaintiff and Defendant Leslie, Defendants Warner Group, Bad Boy, Universal, Casablanca, Mottola Group, Champion, NextSelection, NextSelection Publishing, Combs, Woods, Niles and Mottola intentionally and improperly interfered with the contractual relationship between Plaintiff and Defendant Leslie.

50. That Defendants' actions are in breach of the Agreement.

51. That as a result of the Defendants' intentional acts and/or omissions as described above, Plaintiff has been deprived of the benefit of the bargain of the contract entered into with Defendant Leslie.

52. That acts and/or omissions of Defendants as aforesaid are negligent, reckless, deliberate, willful, and/or in bad faith

## VI. Claims for Relief

53. Plaintiff incorporates in each of the counts below the allegations set forth in ¶¶1 through 52 above.

### Count One
### Breach of Contract

54. Defendant Leslie, breached the terms of the contract with Plaintiff Sostre, thereby causing Plaintiff Sostre to suffer lost wages, damage to Plaintiff's reputation and consequential damages.

### Count Two
### Breach of Implied Covenant of Good Faith and Fair Dealing

55. Defendants, by their acts and/or omissions, including but not limited to those set forth above, breached the implied covenant of good faith and fair dealing in carrying out their obligations under the contractual agreement entered into with the Plaintiff, thereby causing Plaintiff

to sustain lost wages, damage to Plaintiff's reputation, consequential damages, and mental and emotional pain and suffering.

**Count Three**
**Tortious Interference with Advantageous Business Relations**

56. The actions of Defendants, including but not limited to those described herein, constitute tortious interference with the Plaintiff's business relations, thereby causing the Plaintiff to sustain lost wages, damage to Plaintiff's reputation, consequential damages, and mental and emotional pain and suffering.

**Count Four**
**Accounting**

57. Despite due and proper demand, Defendant Leslie has failed and/or refused to provide Plaintiff with an accounting of all activities and all income earned in the entertainment industry from and after September 1, 2000 to present, thereby causing the Plaintiff to suffer lost wages, damage to Plaintiff's reputation, consequential damages and mental and emotional pain and suffering.

**VII. Prayers for Relief**

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants.
2. An award of compensatory damages.
3. An award of consequential damages, attorney's fees, statutory interest and costs.
4. An award of punitive damages.
5. An accounting.
6. Such other and further relief as this Court deems just and proper.

**VIII. Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all counts so triable.

Plaintiff,
Richard Sostre,
By his attorney,
LAW OFFICE OF LOUISE A. HERMAN

Date: June 8, 2007

Louise A. Herman, Esquire (#6430)
129 Dyer Street
Providence, Rhode Island 02903
(401) 277-4110
(401) 421-0964 facsimile