**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RICHARD SOSTRE,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPIONENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>*Defendants.* | C.A. No. 07-289ML |

**ANSWER OF UMG RECORDINGS, INC.**

Defendant UMG Recordings, Inc., incorrectly sued herein as "Universal Music Group, Inc." ("Universal"), by and through its attorneys, hereby answers Plaintiff Richard Sostre's ("Plaintiff") Complaint ("Complaint") as follows:

## I. Introductory Statement

1. Universal avers that the statements contained in Paragraph 1 are merely characterizations of the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, Universal denies any factual allegations contained in Paragraph 1 of the Complaint.

## II. Parties

2. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6. Universal admits that it is licensed to do business in the State of New York and maintains offices in New York, New York. Universal denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Universal denies the allegations in Paragraph 9 of the Complaint, except admits that Casablanca Records LLC is a limited liability company organized under the laws of the state of New York.

10. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint.

11. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

## III. Jurisdiction

17. The allegations contained in Paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Universal lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint.

## IV. Venue

18. The allegations contained in Paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Universal lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.

## V. Material Facts

19. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

21. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint.

22. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint.

24. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

25. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint.

27. Universal denies the allegations in Paragraph 27 of the Complaint.

28. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint.

31. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint.

32. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint.

33. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint.

34. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint.

35. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint.

38. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint.

39. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint.

40. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint.

41. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint.

42. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Complaint.

43. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint.

44. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint.

**Tortious Interference with Advantageous Business Relations**

45. Universal denies that it knew or should have known of the existence of the Plaintiff's alleged contractual relationship with Defendant Leslie. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 45 of the Complaint.

46. Universal denies the allegations in Paragraph 46 of the Complaint as they pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 46 of the Complaint.

47. Universal denies the allegations in Paragraph 47 of the Complaint as they pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 47 of the Complaint.

48. Universal denies the allegations in Paragraph 48 of the Complaint as they pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 48 of the Complaint.

49. Universal denies the allegations contained in Paragraph 49 of the Complaint to the extent that said allegations pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 49 of the Complaint.

50. Universal denies the allegations contained in Paragraph 50 of the Complaint to the extent that said allegations pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 50 of the Complaint.

51. Universal denies the allegations contained in Paragraph 51 of the Complaint to the extent that said allegations pertain to it. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 51 of the Complaint.

52. Universal denies the allegations contained in Paragraph 52 of the Complaint to the extent that said allegations pertain to them. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 52 of the Complaint.

## VI. Claims for Relief

53. Universal restates its responses contained in Paragraphs 1 to 52 of this answer as if fully set forth herein.

## Count One
## Breach of Contract

54. Universal restates its responses contained in Paragraphs 1 to 53 of this answer as if fully set forth herein. As Count One is not directed at Universal, Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Complaint.

**Count Two**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

55. Universal restates its responses contained in paragraphs 1 to 54 of this answer as if fully set forth herein. Universal denies the allegations contained in Paragraph 55 of the Complaint to the extent that said allegations pertain to them. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 55 of the Complaint.

**Count Three**
**Tortious Interference with Advantageous Business Relations**

56. Universal restates its responses contained in paragraphs 1 to 55 of this answer as if fully set forth herein. Universal denies the allegations contained in Paragraph 56 of the Complaint to the extent that said allegations pertain to them. Universal lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 56 of the Complaint.

**Count Four**
**Accounting**

57. Universal restates its responses contained in Paragraphs 1 to 57 of this answer as if fully set forth herein. Universal lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57 of the Complaint.

**VII. Prayer for Relief**

WHEREFORE, Universal respectfully requests that the Court dismiss Counts One through Four with prejudice and that it award Universal its attorneys' fees, costs and any other relief that the Court deems just and appropriate.

**DEFENSES**

**Without assuming the burden as to any defense on which Plaintiff maintains the burden of proof, Universal states as its defenses to this action:**

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's action is time-barred by the applicable statue of limitations and/or statutes of repose.

**Third Defense**

Upon information and belief, Plaintiff's action is barred by Plaintiff's own breach of the agreement between the parties. {Do we really have a basis to plead this?}

**Fourth Defense**

Plaintiff's action is barred by the equitable doctrine of laches.

**Fifth Defense**

Plaintiff's action is barred by the equitable doctrines of waiver and/or estoppel.

**Sixth Defense**

Plaintiff's action is barred by the equitable doctrine of unclean hands.

**Seventh Defense**

Plaintiff's losses, if any, were directly and proximately caused by the Plaintiff's own conduct and/or the criminal and/or unauthorized actions of third parties over whom Universal had no responsibility or control.

**Eighth Defense**

Upon information and belief, Plaintiff's complaint is barred by Plaintiff's failure to mitigate his damages.

**Ninth Defense**

Upon information and belief, Plaintiff's claims are barred under the express terms of the Agreement (as that term is defined in Plaintiff's Complaint) sued upon.

UMG RECORDINGS, INC., incorrectly
sued herein as Universal Music Group, Inc.,

By its attorney,

/s/ Martha A. Holt

Martha A. Holt (# 6873)
EDWARDS ANGELL PALMER &
DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200

Dated: September 19, 2007

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 19th day of September, 2007, and is available for viewing and downloading to the ECF registered counsels of record:

VIA Electronic Service/ECF:

Jonathan Davis, Esq.
jdd@jddavispc.com

Louise A. Herman
lahermanlaw@verizon.net

J. Scott Kilpatrick, Esq.
jskilpatrick@cck-law.com

Kimo S. Peluso, Esq.
kpeluso@manatt.com

Virgil Roberts
vroberts@bobrolaw.com

/s/ Martha A. Holt