UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD SOSTRE,<br><br>Plaintiff,<br><br>-against-<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>Defendants. | C.A. No. 07-289 ML |

**MEMORANDUM OF LAW OF DEFENDANTS**
**BAD BOY ENTERTAINMENT, INC, SEAN COMBS,**
**WARNER MUSIC GROUP CORP. AND GWEN NILES IN SUPPORT**
**OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

CHISHOLM CHISHOLM &
KILPATRICK LLP
One Turks Head Place
Ste. 1313
Providence, RI 02903
Attorneys for Defendants Bad Boy Entertainment, Inc.,
Sean Combs, Warner Music Group Corp. and Gwen Niles

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of Defendants Bad Boy Entertainment, Inc. ("BBE"), Sean Combs, Warner Music Group Corp. ("Warner Music Group"), and Gwen Niles (collectively, "the Moving Defendants") in support of their motion, pursuant to Rule 12(b) (2), Fed. R. Civ. P., for an order dismissing the complaint, dated June 8, 2007 (the "Complaint"), on the grounds that this Court lacks personal jurisdiction over these defendants.

This action purports to allege a dispute over an exclusive personal management agreement that Plaintiff Richard Sostre claims he entered into with Defendant Anthony Ryan Leslie. None of the individual defendants are alleged to reside in Rhode Island, and neither the individual nor the corporate defendants are alleged to do any business in Rhode Island. As confirmed in the Declarations of Sean Combs, Chief Executive Officer of BBE, dated September 25, 2007 ("Combs Decl."), Paul M. Robinson, Executive Vice President and General Counsel of Warner Music Group, dated September 28, 2007 ("Robinson Decl."), and Gwen Niles, an employee of non-party Bad Boy Records, dated September 26, 2007 ("Niles Decl."), none of the Moving Defendants have any personal or business connection to Rhode Island. See Exhibit A (Declarations of Kilpatrick, Combs, Robinson and Niles).

The Moving Defendants lack sufficient "minimum contacts" with Rhode Island to justify this Court's exercise of *in personam* jurisdiction over them. They are not subject to the "specific" jurisdiction of the Court because none of the allegations are alleged to arise out of their contacts with the forum. They also are not subject to the "general" jurisdiction of the Court because their contacts with the forum are not "substantial" or "systematic and continuous" to warrant the exercise of personal jurisdiction.

In short, Plaintiff has failed to allege sufficient minimum contacts with Rhode Island for this Court to assert personal jurisdiction over the Moving Defendants consistent with due process. Accordingly, the Complaint should be dismissed against them.

## BACKGROUND FACTS

This action was originally filed in the Superior Court of the State of Rhode Island. The action was removed to this Court because there was complete diversity of citizenship for purposes of federal jurisdiction. Only Plaintiff is a citizen of Rhode Island.

Plaintiff, a resident of Newport, alleges in the Complaint that he entered into an exclusive personal management agreement with Defendant Leslie to manage his entertainment career throughout the world.

The Complaint purports to allege in Count One that Defendant Leslie alone breached that purported exclusive agreement, but that Defendant Leslie, together with the other named defendants (including the Moving Defendants), allegedly breached the implied covenant of good faith and fair dealing, as alleged in Count Two.

Count Three of the Complaint purports to allege that the defendants (including the Moving Defendants), tortiously interfered with Plaintiff's business relations, causing him various damages.

Count Four of the Complaint purports to allege a claim for an accounting against all of the defendants.

None of the Moving Defendants are alleged to have minimum contacts with the State of Rhode Island. With respect to the corporate Moving Defendants, the Complaint acknowledges that BBE and Warner Music Group are licensed to do business in the State of New York and that both maintain their principal places of business in New York City. *See* accompanying Declaration of Scott Kilpatrick at Exhibit A, ¶¶4 and 5.

BBE is a holding company of stock, partnership and trust interests. It does not conduct business in Rhode Island. Combs Decl. at ¶¶7 and 12.

Warner Music Group is a public corporation, organized and existing under the laws of the State of Delaware. It conducts no business in Rhode Island. Robinson Decl. at ¶¶3 and 6. Neither BBE nor Warner Music Group maintain offices in Rhode Island, nor do they have authorized representatives acting on their behalf in the State. Combs Decl. at ¶12; Robinson Decl. at ¶6.

None of the Moving Defendants have telephone listings, mailing addresses or P.O. Boxes in Rhode Island or pay state or local taxes in the State. Combs Decl. at ¶¶10 and 12; Robinson Decl. at ¶7; Niles Decl. at ¶9.

None of the individual Moving Defendants own property in Rhode Island, nor do they maintain bank accounts or other financial accounts in the State. They are registered to vote in New York and pay New York State taxes. Combs Decl. at ¶¶9-10; Niles Decl. at ¶¶8-9. Indeed, Defendants Combs and Niles have not visited Rhode Island in at least ten years, Combs Decl. at ¶11; Niles Decl. at ¶10.

The Complaint does not allege any activities by the Moving Defendants in Rhode Island with respect to any of Plaintiff's claims.

## ARGUMENT

### THE COMPLAINT AGAINST THE MOVING DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

The law of the forum governs the question of personal jurisdiction. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir. 1983); *Union Wadding Co. v. White Swan, Ltd.*, 866 F. Supp. 71, 73 (D. R.I. 1994). The Rhode Island long-arm statute, R.I.G.L. §9-5-33, authorizes jurisdiction to the fullest extent permitted by the United States Constitution. *Almeida v. Radovsky*, 506 A.2d

1373, 1374 (R.I. 1986); *Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969).

The Rhode Island long-arm statute provides: "Every foreign corporation, every individual not a resident of this state…and every partnership or association, composed of any person or persons, not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island…in every case not contrary to the provisions of the constitution or laws of the United States."

Whether a federal court has personal jurisdiction over a defendant depends upon "whether the defendant has been haled into the particular court in accordance with the due process clause of the Fourteenth Amendment to the United States Constitution." *Levinger v. Matthew Stuart and Co., Inc.*, 676 F. Supp. 437, 439 (D.R.I. 1988). A finding of "minimum contacts" is essential. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). While the sufficiency of minimum contacts necessary to support personal jurisdiction is not subject to a fixed formula or rule, the determination must rest on what is fair and reasonable in the circumstances of each case, *Sandstrom v. Chemlaw Corp.*, 904 F.2d 83 (1st Cir. 1990), such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316.

In analyzing a defendant's contacts with the forum, the district court must focus on "the relationship among the defendant[s], the forum , and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). To this end, the concept of "purposeful availment" is invoked. As explained in *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), "[t]he application of [the minimum contacts] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See also*

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) (purposeful availment requirement assures that jurisdiction will not be based solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state).

Plaintiff bears the burden of establishing personal jurisdiction through the required minimum contacts. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 674-75 (1st Cir. 1992); *American Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1075 (1st Cir. 1984) ("It is incumbent upon plaintiff to prove the facts necessary to sustain jurisdiction.").

In determining whether there are sufficient minimum contacts for personal jurisdiction, the Court must initially determine whether its jurisdiction is "general" or "specific." Whether a court's jurisdiction is general or specific depends upon the relationship between the plaintiff's claims and the defendant's contacts with the forum state. *Rhode Island Hospital Trust National Bank v. San Gabriel Hydroelectric Partnership*, 667 F. Supp. 66, 69 (D.R.I. 1987). A court exercises specific jurisdiction when the plaintiff's claims "arise out of" or are "directly related" to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Conversely, when the claims do not arise out of, or are not directly related to, the defendant's activities in the state, the district court may only exercise general jurisdiction. *Id.* at 466 U.S. at 414 n.9.

Plaintiff cannot establish personal jurisdiction under either a specific or general jurisdiction. Thus, the Complaint should be dismissed against the Moving Defendants.

**A. <u>Plaintiff Cannot Establish Specific Jurisdiction Over the Moving Defendants</u>**

This Court may only exercise specific jurisdiction over the Moving Defendants if Plaintiff's claims arise out of or are directly related to their activities in Rhode Island. The exercise of specific *in personam* jurisdiction is inappropriate when the connection between the cause of action and the defendant's forum-state contacts is attenuated and indirect. Rather, the defendant's

conduct must form an important or material element of proof in the plaintiff's case. *United Electrical Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992); *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 73 (D.R.I. 1995).

In addition, for purposes of specific jurisdiction, Plaintiff must establish that the Moving Defendants purposefully availed themselves of the privilege of conducting activities in the Rhode Island, thus invoking the benefits and protections of its laws and, because of their activities in the State, the exercise of jurisdiction would be reasonable. *United Electric Workers*, *supra.* In considering reasonableness, the courts consider certain Gestalt factors: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

Here, the threshold requirement for specific jurisdiction is not met. None of Plaintiff's allegations regarding his alleged personal management contract, or the Moving Defendants' purported interference with his business relationships, arise out of or relate to any activities of the Moving Defendants in Rhode Island. Moreover, the Moving Defendants are not even alleged to have been parties to the personal management contract at issue.

When a plaintiff has not alleged any connection between his claim and Rhode Island, the district court may consider that specific jurisdiction is precluded without further inquiry. *Ballew v. Olson Technologies, Inc.*, 2006 WL 2971370 (R.I. Super. Oct. 17, 2006) at *2; *Donatelli v. National Hockey League*, 893 F.2d 459, 463 (1st Cir. 1990). Nevertheless, as confirmed in the supporting declarations accompanying this motion, none of the Moving Defendants have purposefully availed themselves of the benefits and protections of Rhode Island. The Complaint

does not allege otherwise. Indeed, the Moving Defendants have not engaged in any activity by which they would reasonably foresee being haled into court in Rhode Island. *See Cassidy v. Lonquist Management Co., LLC*, 920 A.2d 228, 233-34 (R.I. 2007). *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Donatelli, supra.*

Even if the Court reached the Gestalt factors (*see Sawtelle, supra*, "failure to demonstrate necessary minimum contacts eliminates the need to even consider the issue of reasonableness"), those factors also mandate dismissal. The Moving Defendants will clearly be inconvenienced in litigating in a forum where they have no contacts and no expectation of litigating Plaintiff's claims. Moreover, Rhode Island has no parochial interest in this purely private dispute.

**B. <u>The Court Lacks General Jurisdiction</u>**

In order for this Court to invoke general jurisdiction over the Moving Defendants, Plaintiff must establish that they carried on "continuous and systematic" activities within the forum sufficient to justify requiring them to answer a claim otherwise unrelated to their presence in the forum. *Sandstrom*, *supra*, 904 F.2d at 88. The test for general jurisdiction "is considerably more stringent than the standard for specific jurisdiction." *Lantor, Inc. v. Nicassio Corp.*, 2007 WL 204015 (D.R.I. Jan. 24, 2007) at *5. *See also Barry*, *supra*, 909 F. Supp. at 74.

"'The continuous and systematic requirement has been characterized as being satisfied when the defendant's forum contacts are extensive and pervasive.'" *Lantor, supra,* quoting *Barry*, *supra*, *at* 75. The Moving Defendants have no contacts with the forum. The corporate Moving Defendants are not licensed to do business in Rhode Island, have their principal places of business in New York City, and maintain no authorized agents in Rhode Island to conduct business on their behalf. They do not maintain offices, banking or financial accounts, telephone listings, mailing addresses or P.O. Boxes in the State, and do not pay any taxes in Rhode Island. The individual Moving Defendants are residents of New York. They are registered to vote in New York. They

own no property in Rhode Island and do not maintain any banking or financial interests or investments in the State. They also do not have telephone listings, mailing addresses or P.O. Boxes in Rhode Island, and likewise pay no taxes in the forum.. Indeed, the individual Moving Defendants have not been in Rhode Island in more than a decade.

In short, there are no “continuous and systematic” activities in Rhode Island to support *in personam* jurisdiction over the Moving Defendants and it should not be invoked.

**CONCLUSION**

For all of the foregoing reasons, the Court should grant an order dismissing the Complaint for lack of *in personam* jurisdiction and for such other and further relief as the Court deems just and proper.

Dated: September 28, 2007

Respectfully submitted,

CHISHOLM CHISHOLM &
KILPATRICK LLP

By: /s/ J. Scott Kilpatrick
J. Scott Kilpatrick
One Turks Head Place
Ste. 1313
Providence, RI 02903
Attorneys for Defendants Bad Boy
Entertainment, Inc., Sean Combs,
Warner Music Group Corp. and Gwen Niles

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, October 1, 2007.

/s/ J. Scott Kilpatrick

J. Scott Kilpatrick, Esq.