UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD SOSTRE,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>Defendants. | CA# 07-289ML |

**MEMORANDUM OF LAW IN SUPPORT OF MOTTOLA DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

CHISHOLM CHISHOLM & KILPATRICK LLP
J. Scott Kilpatrick
One Turks Head Place, Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
L. Peter Parcher
Kimo S. Peluso
Jonathan Melber
7 Times Square
New York, NY 10036
Tel. (212) 790-4500

*Attorneys for Defendants Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc.*

Defendants Thomas Mottola, The Mottola Company, Inc. (the "Mottola Company") and Champion Entertainment Group, Inc. ("Champion") (collectively, the "Mottola Defendants"), by their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss the complaint in this action (the "Complaint") for lack of personal jurisdiction, under 12(b)(2) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

This Court lacks personal jurisdiction over the Mottola Defendants. Plaintiff Richard Sostre sues defendant Anthony Ryan Leslie for breach of an alleged management contract, whereby Sostre was to manage Leslie's music career. Sostre also sues numerous other defendants, including the Mottola Defendants, for interfering with his relationship with Leslie. The Complaint, however, does not allege any basis for subjecting the Mottola Defendants to *in personam* jurisdiction in Rhode Island. The Mottola Defendants are all from New York and do not conduct any business or have any other presence in the state of Rhode Island. Indeed, Mr. Mottola, the sole owner of the Mottola Company and Champion, has not set foot in Rhode Island since years before the period relevant to Sostre's Complaint.

Sostre's claims against the Mottola Defendants, moreover, do not arise out of any conduct in Rhode Island. Sostre sues the Mottola Defendants solely based on their dealings with Defendant Leslie. As the Complaint acknowledges, however, Leslie does not reside in Rhode Island and none of the Mottola Defendants had any contacts with Leslie that took place in, or were directed at, the state of Rhode Island. In fact, in their dealings with Leslie, the Mottola Defendants did not even know of Richard Sostre or of his alleged contract with Leslie. Sostre cannot establish any basis for personal jurisdiction against the Mottola Defendants and the claims against them should be dismissed.

**BACKGROUND**

Richard Sostre, a resident of Rhode Island, filed his complaint in state court on June 11, 2007, and, on July 26, 2007, served the Mottola Defendants through their counsel. On August 3, 2007, the action was removed to federal court on the basis of diversity jurisdiction.

**A. The Mottola Defendants**

The Complaint names numerous defendants. Thomas Mottola, a resident of New York City, is the sole owner of Defendant corporations the Mottola Company and Champion. (Affidavit of Susan Steinsapir, dated October 1, 2007 ("Steinsapir Aff.") ¶¶ 6, 11) Both the Mottola Company and Champion are incorporated under the laws of New York and located in New York City. (Id. ¶¶ 7, 12) Champion, a passive entity with no employees, owns and leases office space and equipment to Mr. Mottola and his companies. (Id. ¶ 13) Mr. Mottola and the Mottola Company perform personal management services for recording artists. (Id. ¶ 8; Affidavit of Thomas Mottola, dated October 1, 2007 ("Mottola Aff.") ¶¶ 4-5) A personal manager, or "music manager," advises recording artists (i.e., singers and bands) on their careers, generally in exchange for a commission on their income. (Id. ¶ 5)

Neither Mottola nor any of his companies, including the Mottola Company and Champion, have ever engaged in any business activities in the state of Rhode Island. (Mottola Aff. ¶ 13; Steinsapir Aff. ¶¶ 4, 9, 14) They do not own any real or personal property located in the state of Rhode Island. (Mottola Aff. ¶¶ 14; Steinsapir Aff. ¶¶ 5, 10, 15) They do not have any bank accounts, offices, employees or telephone listings in the state of Rhode Island. (Mottola Aff. ¶ 15; Steinsapir Aff. ¶¶ 5, 10, 15) They are not authorized to do business in Rhode Island and do not have an agent for service of process in Rhode Island. (Steinsapir Aff. ¶¶ 5, 10, 15) They have never formed any corporations under Rhode Island law. (Mottola Aff. ¶ 17;

Steinsapir Aff. ¶¶ 5, 10, 15) They have never paid taxes in Rhode Island. (Mottola Aff. ¶ 18; Steinsapir Aff. ¶¶ 5, 10, 15) Mr. Mottola has not even been to Rhode Island since long before September 1, 2000 (Mottola Aff. ¶ 12), the date of the contract with which the Mottola Defendants allegedly interfered. (Compl. ¶ 20)

**B. Richard Sostre and Anthony Ryan Leslie**

According to the Complaint, Sostre entered into an agreement on September 1, 2000, with Anthony Ryan Leslie for Sostre to become Leslie's "sole and exclusive manager." (Compl. ¶¶ 20, 22, 30-31) Sostre alleges that Leslie, a singer, songwriter and producer, breached the September 2000 agreement by failing to pay Sostre amounts due under the agreement. (Id. ¶¶ 35-36) Sostre alleges that Leslie breached the September 2000 agreement in numerous other ways, including that Leslie failed to notify him about employment offers, failed to allow him to audit Leslie's books and failed to allow him to negotiate deals with third parties. (Id. ¶¶ 38-39, 41) The Complaint also alleges that Leslie "caused others," including Mr. Mottola and other individual defendants, "to serve as [Leslie's] exclusive managers." (Id. ¶ 37)

The Complaint sues numerous defendants, including the Mottola Defendants, for allegedly interfering with Sostre's agreement with Leslie. Thus the Complaint alleges that several of the defendants, including two major record labels, several individuals, and the Mottola Defendants, had "managerial relationships" with Leslie. (Compl. ¶¶ 46-47) Count Two of the Complaint is a claim against all defendants for breach of the implied covenant of good faith and fair dealing. (Id. ¶ 55) Count Three of the Complaint is a claim against all defendants for tortious interference with advantageous business relations. (Id. ¶ 56) Sostre does not allege that the Mottola Defendants had any agreement or dealings with Sostre whatsoever. Rather, Sostre alleges that the Mottola Defendants, "knew or should have known" about Sostre's management

agreement with Leslie and that they "intentionally and improperly interfered" with that agreement. (Id. ¶¶ 45, 49) None of the Mottola Defendants is alleged to have engaged in any conduct in Rhode Island.

In fact, as explained in Mr. Mottola's accompanying affidavit, Mr. Mottola first met Anthony Ryan Leslie in 2003 in New York. (Mottola Aff. ¶ 8) Within a few months, Mr. Mottola agreed to serve as publisher and administer for songs written by Leslie.[1] (Id. ¶ 9) Also in 2003, Mottola helped introduce Leslie to Universal Records for purposes of Universal potentially signing Leslie as a recording artist. (Id. ¶ 10) Neither Mr. Mottola nor any of his companies agreed to become Leslie's manager. (Id.)

During this time, the Mottola Defendants were not aware of Richard Sostre. (Mottola Aff. ¶ 11) The Mottola Defendants knew nothing of any alleged agreement between Leslie and Sostre. (Id.) Indeed, the Mottola Defendants first learned of Sostre roughly a year ago, when Mottola learned about the instant dispute between Sostre and Leslie. (Id.) To this day, Mr. Mottola has never met Sostre. (Id.) The Mottola Defendants had no interaction with Mr. Sostre, in Rhode Island or elsewhere, until this lawsuit. (Id.)

## ARGUMENT

### The Mottola Defendants Are Not Subject to Personal Jurisdiction in Rhode Island

A plaintiff has the burden of proving that a court may exercise personal jurisdiction over a defendant. Negron-Torres v. Verizon Comm'cns, Inc., 478 F.3d 19, 24 (1st Cir. 2007). "[I]t is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." United States v.

Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Jurisdiction must be authorized by state statute and comply with the constitutional principles of due process. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). Rhode Island's long-arm statute, R.I. Gen. L. § 9-5-33,[2] extends the state's personal jurisdiction as far as possible under the Fourteenth Amendment to the United States Constitution. Rhode Island Hosp. Trust Nat'l Bank v. San Gabriel Hydroelectric Partnership., 667 F. Supp. 66, 69 (D.R.I. 1987). Under the Fourteenth Amendment's Due Process Clause, a nonresident defendant must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

A defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts, or of the unilateral activity of someone else. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1984). A defendant's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there. Id. at 474; Hanson v. Denckla, 357 U.S. 235, 253 (1958). As this Court has held, "the sufficiency of minimal contacts to support an exercise of personal jurisdiction cannot be determined by any

---

[1] In the music industry, publishers and administers provide services relating to income earned by songwriters for use of their musical and lyrical compositions. (Mottola Aff. ¶ 9)

[2] R.I. Gen. L. § 9-5-33 states:

Jurisdiction over corporations and over non-resident individuals, partnerships, or associations.

(a) Every foreign corporation, every individual not a resident of this state or his or her executor or administrator, and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States. . . .

fixed formula or rule, but must rest on a consideration of what is fair and reasonable in the circumstances of each particular case." Union Wadding Co. v. White Swan, Ltd., 866 F. Supp. 71, 74 (D.R.I. 1994) (citing Sandstrom v. Chemlawn Corp., 904 F.2d 83 (1st Cir. 1990)).

Due process requires the plaintiff to prove the existence of either general jurisdiction or specific jurisdiction. Harlow, 432 F.3d at 57. Sostre cannot establish personal jurisdiction over the Mottola Defendants under either theory.

**A. This Court Does Not Have General Jurisdiction Over the Mottola Defendants**

For this Court to have general jurisdiction over the Mottola Defendants, Sostre must prove that they "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Negron-Torres, 478 F.3d at 25 (quoting United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp. ("Pleasant Street I"), 960 F.2d 1080, 1088-89 (1st Cir. 1992), and citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)). The general jurisdiction standard is "considerably more stringent" than the standard for specific jurisdiction. Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998). This Court has held that the "continuous and systematic" requirement is "satisfied when the defendant's forum contacts are 'extensive and pervasive.'" Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 75 (D.R.I. 1995) (quotation omitted). "These contacts must be so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." Id. (quotations omitted).

There is no basis whatsoever for this Court to assert general jurisdiction over the Mottola Defendants. Far from carrying on "continuous and systematic activities" in Rhode Island, they have not carried on any activities in Rhode Island. None of the Mottola Defendants were engaged in any financial or business activity in Rhode Island; owned any real or personal

property located in Rhode Island; held any bank accounts in Rhode Island; had any offices, employees or telephone listings in Rhode Island; formed or caused to be formed any corporations in Rhode Island or under its laws; paid taxes in Rhode Island; or had an agent for service of process in the state of Rhode Island. (Mottola Aff. ¶¶ 13-18; Steinsapir Aff. ¶¶ 4-5, 9-10, 14-15) Mr. Mottola has not even been in Rhode Island since long before September 1, 2000 (Mottola Aff. ¶ 12), the date of the alleged agreement between Sostre and Leslie that is the entire basis for Sostre's claims. (Compl. ¶ 20) Sostre cannot allege in good faith that there is any basis for general jurisdiction over the Mottola Defendants.

### B. This Court Does Not Have Specific Jurisdiction Over the Mottola Defendants

For this Court to have specific jurisdiction over the Mottola Defendants, Sostre's claims against them must arise out of their contacts with Rhode Island. Helicopteros, 466 U.S. at 414 n.8 (1984); Pleasant Street I, 960 F.2d at 1088-89. The First Circuit "divides the constitutional analysis [of specific jurisdiction] into three categories: relatedness, purposeful availment, and reasonableness." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006) (quotations omitted). "Critically, '[a]n affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction.'" Negron-Torres, 478 F.3d at 24 (citation omitted).

Sostre cannot satisfy any of these basic elements of specific jurisdiction as to the Mottola Defendants. Sostre's claims do not relate to any of the Mottola Defendants' contacts with Rhode Island – an inevitable conclusion, as the Mottola Defendants do not have any contacts with Rhode Island. Indeed, the Complaint's only factual references to Rhode Island are to Sostre's residence and the choice-of-law provision of Sostre's alleged September 2000 agreement with Leslie. (Compl. ¶¶ 2, 18, 21) The unilateral activity of Sostre and Leslie cannot support

jurisdiction over the Mottola Defendants. Burger King Corp., 471 U.S. at 475. Likewise, Sostre does not allege that the Mottola Defendants ever purposefully availed themselves of Rhode Island law. Nor does the Complaint suggest the Mottola Defendants ever had any reason to anticipate being sued in Rhode Island courts or that it is reasonable for the Mottola Defendants to be sued here. Even on the face of the Complaint, the Plaintiff has failed to point to any basis for asserting jurisdiction over the Mottola Defendants.

Moreover, as a factual matter, there is no basis for specific jurisdiction over the Mottola Defendants. The Mottola Defendants have not conducted any activities in Rhode Island. (Mottola Aff. ¶¶ 12-18) Champion is a passive company with no employees that merely leases office space and equipment to Mr. Mottola and his other companies in New York. (Steinsapir Aff. ¶ 13) As for Mr. Mottola and the Mottola Company, their interactions with Leslie had no connection to Rhode Island. (Mottola Aff. ¶¶ 8-11) During the relevant period, the Mottola Defendants did not even know Sostre and were unaware of any alleged agreement between Leslie and Sostre (id. ¶ 12), although any such awareness, by itself, could not support jurisdiction. See Burger King Corp., 471 U.S. at 475 ("random" or "attenuated" contacts not sufficient for personal jurisdiction). Sostre has not sued the Mottola Defendants for any conduct that took place in or was directed at the state of Rhode Island. This Court lacks personal jurisdiction over the Mottola Defendants, and the Complaint against them should be dismissed.

**CONCLUSION**

For these reasons, Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc. respectfully request that the Court grant their motion to dismiss the claims against them under F.R.C.P. 12(b)(2).

Dated: Providence, Rhode Island
October 1, 2007

Respectfully submitted,

CHISHOLM CHISHOLM & KILPATRICK LLP

/s/ J. Scott Kilpatrick

J. Scott Kilpatrick
One Turks Head Place
Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:

MANATT, PHELPS & PHILLIPS, LLP
L. Peter Parcher
Kimo S. Peluso
Jonathan Melber
7 Times Square
New York, New York 10036
Tel. (212) 790-4500

*Attorneys for Defendants Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc.*

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, October 1, 2007.

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................ 1
BACKGROUND ........................................ 2
A. The Mottola Defendants ........................................ 2
B. Richard Sostre and Anthony Ryan Leslie ........................................ 3
ARGUMENT ........................................ 4
A. This Court Does Not Have General Jurisdiction Over the Mottola Defendants ........................................ 6
B. This Court Does Not Have Specific Jurisdiction Over the Mottola Defendants ........................................ 7
CONCLUSION ........................................ 8

## TABLE OF AUTHORITIES

**Page**

### CASES

Barry v. Mortgage Servicing Acquisition Corp.,
909 F. Supp. 65 (D.R.I. 1995) ........ 6

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1984) ........ 5, 7, 8

Hanson v. Denckla,
357 U.S. 235 (1958) ........ 5

Harlow v. Children's Hosp.,
432 F.3d 50 (1st Cir. 2005) ........ 5, 6

Helicopteros Nacionales de Colombia, S.A. v. Hall,
466 U.S. 408 (1984) ........ 6, 7

International Shoe Co. v. Washington,
326 U.S. 310 (1945) ........ 5

Negron-Torres v. Verizon Comm'cns, Inc.,
478 F.3d 19 (1st Cir. 2007) ........ 4, 6, 7

Noonan v. Winston Co.,
135 F.3d 85 (1st Cir. 1998) ........ 6

Platten v. HG Bermuda Exempted Ltd.,
437 F.3d 118 (1st Cir. 2006) ........ 7

Rhode Island Hosp. Trust Nat'l Bank v. San Gabriel Hydroelectric P'ship.,
667 F. Supp. 66 (D.R.I. 1987) ........ 5

Sandstrom v. Chemlawn Corp.,
904 F.2d 83 (1st Cir. 1990) ........ 6

Union Wadding Co. v. White Swan, Ltd.,
866 F. Supp. 71 (D.R.I. 1994) ........ 6

United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp. ("Pleasant Street I"),
960 F.2d 1080 (1st Cir. 1992) ........ 6, 7

United States v. Swiss Am. Bank, Ltd.,
274 F.3d 610 (1st Cir. 2001) ........ 4

# TABLE OF AUTHORITIES
**(continued)**

**Page**

## STATUTES

R.I. Gen. L. § 9-5-33 ........................................ 5

## RULES

Fed. R. Civ. Proc. § 12(b)(2) ........................................ 1, 8