UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD SOSTRE,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>Defendants. | CA# 07-289ML |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTTOLA DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

CHISHOLM CHISHOLM & KILPATRICK LLP
J. Scott Kilpatrick
One Turks Head Place, Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
L. Peter Parcher
Kimo S. Peluso
Jonathan Melber
7 Times Square
New York, NY 10036
Tel. (212) 790-4500

*Attorneys for Defendants Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc.*

## PRELIMINARY STATEMENT

Plaintiff Richard Sostre has utterly failed to meet his burden to establish personal jurisdiction over the Mottola Defendants. It is now undisputed that the Mottola Defendants have no contacts with Rhode Island, that Mottola himself has not set foot in the State in this decade and that the Mottola Defendants had never heard of Richard Sostre, of his management contract with Leslie or of his ties to Rhode Island. Indeed, Sostre's Opposition does not identify a single jurisdictionally relevant act by the Mottola Defendants. The heart of Sostre's lawsuit (and of his tortious interference claim against the Mottola Defendants) is co-Defendant Ryan Leslie's alleged breach of Sostre's management contract. Sostre, however, cannot point to a single act by the Mottola Defendants in Rhode Island or elsewhere that could have induced the alleged breach. Putting aside the fact that Sostre has no basis for suing the Mottola Defendants at all, Sostre certainly is unable to establish any basis for personal jurisdiction over them in Rhode Island. The Mottola Defendants' motion to dismiss should be granted.

In his Opposition, Sostre fails to satisfy the "relatedness" requirement for specific jurisdiction, *i.e.* that his claims relate to the Mottola Defendants' forum-based conduct. Instead, Sostre asserts that Rhode Island is where he (Sostre) lives and purportedly where he feels the economic harm and other effects of Leslie's supposed breach. But to establish specific jurisdiction, Sostre's claims must arise out of conduct *by the Mottola Defendants* that takes place in Rhode Island or, at the very least, that is specifically targeted at Rhode Island. Sostre cannot identify any such conduct by the Mottola Defendants, nor any conduct by them that caused his alleged injury at all. Thus, the Mottola Defendants are not subject to specific jurisdiction.

Sostre also fails to establish the separate "purposeful availment" requirement for specific jurisdiction, *i.e.* that the Mottola Defendants purposefully availed themselves of the privileges

and benefits of Rhode Island. Sostre argues this element is satisfied because the Mottola Defendants allegedly became Leslie's manager when they "should have known" that Leslie already had an exclusive manager in Rhode Island. That is not nearly enough. "Should-have-known" does not remotely constitute "purposeful availment," and Sostre cannot contend that the Mottola Defendants ever *purposefully* invoked the benefits and protections of Rhode Island. Moreover, Sostre's "should-have-known" premise rests on an utter disregard of corporate form. Contrary to Sostre's contention, the law does not impute to Mottola the knowledge of a separate company, such as co-Defendant Casablanca Records, merely because Mottola allegedly owned some or all of that company. Sostre cannot show purposeful availment and, for this reason too, specific jurisdiction is lacking.

Finally, Sostre attempts to invoke the extremely narrow doctrine of general jurisdiction again based on Mottola's alleged ownership interest in Casablanca Records. The argument is frivolous. The law does not recognize general jurisdiction over a company's owner merely because the of the company's jurisdictional contacts with the forum. Moreover, there is no basis for Sostre's request for "jurisdictional discovery," which would amount to a fishing expedition causing needless delay. The Mottola Defendants do not do business in Rhode Island and they are not subject to general jurisdiction here.

Sostre cannot establish a prima facie case for specific or general jurisdiction over the Mottola Defendants, and their motion to dismiss should be granted.

## ARGUMENT

### I. THERE IS NO SPECIFIC JURISDICTION OVER THE MOTTOLA DEFENDANTS

#### A. Relatedness: the Mottola Defendants Did Not Engage in Any Conduct in Rhode Island or Any Conduct that Gave Rise to Sostre's Claims

As noted in the Mottola Defendants' moving papers, in order to establish specific jurisdiction, Sostre must demonstrate "relatedness" – i.e., that his cause of action arises out of or is related to the Mottola Defendants' activities in Rhode Island. Sostre effectively ignores this threshold for specific jurisdiction. Instead, Sostre focuses exclusively on his <u>*own*</u> residence. He argues that his claims are "related" to Rhode Island because Sostre lives in Rhode Island and because he has suffered economic injury and harm that is "clearly felt in Rhode Island." Opp. 5. This contention misses the point. As the First Circuit has noted, the relatedness inquiry "focuses on whether the <u>*defendant's in-forum conduct*</u> caused the injury or gave rise to the cause of action." *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 622 (1st Cir. 2001) (additional emphasis added).

Sostre cannot satisfy the relatedness requirement based on the mere "effects" of defendants' out-of-state conduct that Sostre experienced in Rhode Island. The First Circuit repeatedly has rejected jurisdiction based solely on in-forum effects of out-of-state conduct. *See, e.g., Massachusetts Sch. of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26, 36 (1st Cir. 1998) ("the Massachusetts effects of the Eight Individual Defendants' New York actions, without more, fail to sustain an action in a Massachusetts court"); *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995) (New Hampshire effects of non-forum negligence, without more, were insufficient to support personal jurisdiction there).

Sostre's contrary interpretation of the relevant case law is incorrect. Sostre cites the Supreme Court case *Calder v. Jones*, 465 U.S. 783 (1984), for the notion that in-forum "effects"

of out-of-state conduct may, without more, satisfy the relatedness inquiry. In fact, the First Circuit has made clear that *Calder's* "effects" test "is a gauge for purposeful availment and is to be applied only after the relatedness prong has already been satisfied." *Swiss American Bank*, 274 F.3d at 623. *Calder* "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Id.* (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). As the other cases cited by Sostre make clear, a defendant's out-of-state conduct can satisfy the "relatedness" prong for specific jurisdiction only "when the intentional tort was *individually targeted at the resident of the forum state*, and the brunt of the harm was felt there." *Levin v. Harned,* 304 F. Supp. 2d 136, 148 (D. Mass. 2003) (emphasis added); *see also Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 19-20 (1st Cir. 2005) (defendant subject to New Hampshire jurisdiction where he intentionally made misrepresentations directly to New Hampshire company, even though misrepresentations took place out of state); *Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir. 1989) (plaintiff alleged "that the McNells actually directed their actions at a New Hampshire resident"); *Women & Infants Hosp. v. Cmty. Health Network, Inc.*, 394 F. Supp. 2d 488, 492 (D.R.I. 2005) (defendant subject to Rhode Island jurisdiction because claims arose from defendants' direct communications with Rhode Island plaintiff). Neither the relevant case law nor basic notions of due process support Sostre's position that the "relatedness" requirement is satisfied whenever the plaintiff resides in the forum. Sostre's argument should be rejected.

Here, the Mottola Defendants are not alleged (much less proven) to have had any direct dealings with a Rhode Island resident, to have individually targeted Sostre or to have directed their actions at Rhode Island in any way. Indeed, throughout Sostre's opposition papers, the sole

allegation of relevant conduct by the Mottola Defendants is that they "served as managers for Defendant Leslie . . . ." Opp. at 3. Even this alleged conduct, however, has no connection to Rhode Island. Sostre's claim does not relate to any forum-based conduct by the Mottola Defendants. Sostre therefore he fails to meet the "relatedness" requirement for specific jurisdiction.

Finally, Sostre has not presented any evidence that the Mottola Defendants caused the Rhode Island "effects" of which he complains.[1] As the First Circuit recently reiterated, for the relatedness inquiry, "causation is central." *Negron-Torres v. Verizon Commc'n, Inc.*, 478 F.3d 19, 25 (1st Cir. 2007); *see also Massachusetts Sch. of Law*, 142 F.3d at 35 (explaining that, for tort claims, courts "customarily look to whether the plaintiff has established cause in fact (i.e., the injury would not have occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action).") (internal quotation marks omitted). Here, Sostre merely asserts in conclusory fashion that the Mottola Defendants caused harmful "effects" to him in Rhode Island. Sostre does not explain, however, how the Mottola Defendants are the "but for" cause or proximate cause of Leslie's alleged breach of the management agreement. To the contrary, the Complaint alleges that Leslie was already in breach of the management agreement for years before Mottola even met Leslie in 2003. (*See* Compl. ¶ 35 (alleging Leslie failed to pay Sostre management commissions for the period September 2000 to September 2006)). In short, Sostre has not established that his injuries or this

[1] Plaintiff understates his burden on this motion. On a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff's "prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. In other words, the plaintiff must go beyond the pleadings and make affirmative proof." *Negron-Torres v. Verizon Commc'n, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007). Plaintiff's numerous allegations made solely on "information and belief" do not meet its prima facie burden. Likewise, Sostre's conclusory allegations cannot support jurisdiction over the Mottola Defendants. *See Massachusetts Sch. of Law*, 142 F.3d at 34 ("the law does not require [the court] struthiously to credit conclusory allegations or draw farfetched inferences.").

lawsuit arise out of any conduct by the Mottola Defendants (in Rhode Island or elsewhere). Sostre cannot establish specific jurisdiction over the Mottola Defendants, and their motion should be granted.

**B. Purposeful Availment: the Mottola Defendants Did Not Expressly Aim Their Conduct at Rhode Island**

To establish specific jurisdiction, Sostre also must establish that the Mottola Defendants forum contacts amounted to "a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *United Elec. Radio & Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). Sostre argues that purposeful availment is established because the Mottola Defendants "should have known" that Sostre was Leslie's exclusive manager and based in Rhode Island. Sostre's argument is fatally flawed.

Sostre's novel theory of "should-have-known jurisdiction" rests on a chain of constructive knowledge far too attenuated to demonstrate purposeful availment.[2] Sostre alleges that as of February 2001, Defendant Ed Woods (not Mottola) was "well aware" of Plaintiff Sostre and his "Rhode Island ties." Opp. at 6 & Exh. B, Sostre Aff. ¶ 10. Years later, according to a November 2003 press release, Defendant Woods became an employee of Casablanca Records. *See id.* at 6 & Exh. C. Sostre continues the chain asserting that he "believe[s]" that Casablanca Records was owned in whole or in part by Mottola. Opp. at 6 & Exh. B, Sostre Aff. ¶ 20. Sostre's argument concludes, "[a]s an agent of Casablanca Records," Woods' knowledge

[2] In light of the relevant evidentiary burdens, the Mottola Defendants have not attempted to correct any inaccurate factual allegations that may be set forth in Sostre's affidavit and other opposition papers. Nothing herein should be construed as an admission by the Mottola Defendants that any of Sostre's allegations are true.

about Sostre "is imputed to the Mottola Defendants." Opp. at 7. This clumsy reasoning cannot establish jurisdiction over the Mottola Defendants.

First, the Mottola Defendants' mere knowledge of Sostre's Rhode Island ties, whether constructive or actual, would not establish purposeful availment. Courts have expressly rejected the notion that a defendant may be subject to specific jurisdiction merely because he happens to know that the plaintiff resides in the forum:

> The Third Circuit explained that 'jurisdiction under *Calder* requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum.' *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998). Instead, a plaintiff must show that the defendant '*expressly aimed* its tortious conduct at the forum.' *Id.* '*Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement*.' *Id.*

*Situation Management Systems, Inc. v. ASP Consulting Group*, No. 05-CV-458-PB, 2006 WL 2349335, at *5 (D.N.H. Aug. 15, 2006) (emphasis added). Moreover, "constructive knowledge" in particular has no bearing on "purposeful availment," which requires the defendant make contact with the forum intentionally. *Cf. Massachusetts Sch. of Law*, 142 F.3d at 36 (defendant's participation in telephone call with another person in Massachusetts irrelevant where record did not reveal who initiated call). It remains undisputed that the Mottola Defendants did not *actually* know Sostre or his Rhode Island ties, much less "expressly aim" their conduct at Rhode Island. Accordingly, Sostre's assertion of specific jurisdiction is unfounded.

Second, as a matter of law, Sostre cannot impute the knowledge or jurisdictional contacts of other entities to Mottola. As the First Circuit has explained, merely being an owner or officer of a corporation present in the forum does not subject the out-of-state owner or officer to jurisdiction. *See, e.g.*, *Andresen v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003) ("An out-of-state parent's controlling stock interest in a Massachusetts corporation does not alone create

jurisdiction over the parent."); *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) ("The general rule is that jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation."); *Bapic v. Johnson Matthey Public Ltd. Co.*, No. C.A. 84-5048, 1985 WL 663451, at 9 (R.I. Super. June 10, 1985) ("Jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself . . . ."); *accord Telesphere Commc'n, Inc. v. U.S. Operators, Inc.*, No. 90C 3719, 1991 WL 144197, *3 (N.D.Ill. July 23, 1991) ("this court has on several occasions noted that the court will not take personal jurisdiction over an individual merely because he is a part owner or major stockholder of the company on whose behalf he operates"). These principles preclude Sostre's assertion that the Mottola Defendants "should have known" of Sostre's existence or his residence in Rhode Island.

The relevant knowledge or jurisdictional contacts (if any) of Casablanca Records, a separate corporate entity, cannot be imputed to Mottola. As set forth in its Answer in this lawsuit, Casablanca Records is a distinct entity, a New York limited liability company. *See* Answer of Casablanca Records LLC, ¶ 9, dated Sept. 19, 2007 (Docket No. 11). In this lawsuit, the Mottola Defendants and Casablanca Records are represented by different counsel. Sostre does not and cannot allege that Casablanca Records and the Mottola Defendants are mere alter egos. Accordingly, the Mottola Defendants cannot be subject to jurisdiction based on something that Casablanca Records allegedly knew or did. Sostre's assertion of specific jurisdiction should be rejected.

**C. Jurisdiction Over the Mottola Defendants Would Be Unreasonable**

Because Sostre has failed to establish the first two requirements for specific jurisdiction, the Court need not address the "reasonableness" requirement. It is worth noting, however, that although Sostre asserts that his management contract with Leslie is governed by Rhode Island

law, the Mottola Defendants are not a parties to that agreement. The Mottola Defendants have had no dealings with Sostre and no business in Rhode Island generally. The New York-based Mottola Defendants' relationship with a singer-songwriter from Massachusetts could not have led them to expect to be haled into court in Rhode Island. Jurisdiction over the Mottola Defendants would be unreasonable.

## II. THERE IS NO GENERAL JURISDICTION OVER THE MOTTOLA DEFENDANTS

### A. The Mottola Defendants Have Not Engaged in Systematic and Continuous Presence in Rhode Island

Sostre asserts that the Court may assert general jurisdiction over the Mottola Defendants. Sostre does not dispute the affidavits from the Mottola Defendants establishing that they engage in no business activities in Rhode Island, do not have property, offices or employees here, and otherwise lack the normal indicia of "systematic and continuous" contacts necessary to uphold general jurisdiction. Instead, Sostre again asks the Court to disregard corporate form. Sostre asserts that Casablanca Records and Universal Music Group ("Universal") "engage in systematic and continuous business activity in Rhode Island, including record, CD and merchandise sales at Rhode Island retail outlets, record stores, etc." Opp. at 10. Importantly, Sostre does *not* and cannot allege that the Mottola Defendants engaged in such activities. Sostre merely alleges that Mottola was an owner and officer of Casablanca Records and a co-joint venturer with Universal.

Sostre's general jurisdiction argument is a complete non-starter as a basic matter of corporate form. Even complete ownership of a resident corporation does not thereby subject the owner to general jurisdiction:

> It is well-established that the standard for finding general jurisdiction "is considerably more stringent than that applied to specific jurisdiction questions." *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir.1998) (internal quotation marks omitted). However, " [t]he bar is set even higher in a case like this one, in which plaintiffs seek to disregard the corporate

> form." [*Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2006)]. We have made plain that the mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary. There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary.

*Negron-Torres*, 478 F.3d at 27 (certain internal quotation marks, alterations and citations omitted) (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d at 905 (1st Cir.1980)).

Plainly, the Mottola Defendants cannot be subject to general jurisdiction based on the alleged in-forum activities of Casablanca Records and Universal. As set forth in their original affidavits, the Mottola Defendants have not engaged in *any* business activities in Rhode Island, including in connection with Universal or Casablanca Records. The alleged business activities in Rhode Island by these separate and distinct entities has no bearing on jurisdiction over the Mottola Defendants. Plaintiff's assertion of general jurisdiction should be rejected.

### B. There Is No Basis For Allowing Jurisdictional Discovery Into the Income of the Mottola Defendants or Their Clients

Sostre suggests that he should be entitled to jurisdictional discovery into the Mottola Defendants' income. Sostre argues that a manager's income is "based upon the success of the artists they manage," and therefore the Mottola Defendants' income is tied "directly" to any "revenue their artists generate from Rhode Island." Opp. 10. Sostre candidly admits he has no evidence of any such "revenue" but requests two months of jurisdictional discovery to test his speculative theory. *Id.*

This entire line of argument is a red herring. The Mottola Defendants do not engage in any business in Rhode Island and therefore cannot be subject to general jurisdiction here. General jurisdiction would not apply to the Mottola Defendants merely because other parties, such as Mottola's artists or the artists' record companies chose to do business in Rhode Island.

*See Donatelli v. National Hockey League*, 893 F.2d 459, 471 (1st Cir. 1990) (National Hockey League not subject to general jurisdiction even though Bruins hockey team sold tickets in Rhode Island and NHL sold game telecasts there). Whether or not revenues flow indirectly from Rhode Island to recording artists managed by the Mottola Defendants, the Mottola Defendants do not have "continuous and systematic" presence in the state. Sostre's request for jurisdictional discovery should be denied.

## CONCLUSION

For these reasons, Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc. respectfully request that the Court grant their motion to dismiss the claims against them under F.R.C.P. 12(b)(2).

Dated: Providence, Rhode Island
October 24, 2007

Respectfully submitted,

CHISHOLM CHISHOLM & KILPATRICK LLP

/s/ J. Scott Kilpatrick

J. Scott Kilpatrick #4036
One Turks Head Place
Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:

MANATT, PHELPS & PHILLIPS, LLP
L. Peter Parcher
Kimo S. Peluso
7 Times Square
New York, New York 10036
Telephone (212) 790-4500

*Attorneys for Defendants Thomas Mottola, The Mottola Company, Inc. and Champion Entertainment Group, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. THERE IS NO SPECIFIC JURISDICTION OVER THE MOTTOLA DEFENDANTS .......... 3

A. Relatedness: the Mottola Defendants Did Not Engage in Any Conduct in Rhode Island or Any Conduct that Gave Rise to Sostre's Claims .......... 3

B. Purposeful Availment: the Mottola Defendants Did Not Expressly Aim Their Conduct at Rhode Island .......... 6

C. Jurisdiction Over the Mottola Defendants Would Be Unreasonable .......... 8

II. THERE IS NO GENERAL JURISDICTION OVER THE MOTTOLA DEFENDANTS .......... 9

A. The Mottola Defendants Have Not Engaged in Systematic and Continuous Presence in Rhode Island .......... 9

B. There Is No Basis For Allowing Jurisdictional Discovery Into the Income of the Mottola Defendants or Their Clients .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andresen v. Diorio*,
349 F.3d 8 (1st Cir. 2003) .......... 7

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F.3d 1082 (9th Cir. 2000) .......... 4

*Bapic v. Johnson Matthey Public Ltd. Co.*,
No. C.A. 84-5048, 1985 WL 663451 (R.I. Super. June 10, 1985) .......... 8

*Calder v. Jones*,
465 U.S. 783 (1984) .......... 3, 4, 7

*Donatelli v. National Hockey League*,
893 F.2d 459 (1st Cir. 1990) .......... 11

*Escude Cruz v. Ortho Pharm. Corp.*,
619 F.2d 902 (1st Cir. 1980) .......... 8, 10

*Hugel v. McNell*,
886 F.2d 1 (1st Cir. 1989) .......... 4

*IMO Indus. v. Kiekert AG*,
155 F.3d 254 (3d Cir.1998) .......... 7

*Levin v. Harned*,
304 F. Supp. 2d 136 (D. Mass. 2003) .......... 4

*Massachusetts School of Law, Inc. v. American Bar Ass'n*,
142 F.3d 26 (1st Cir. 1998) .......... 3, 5, 7

*Negron-Torres v. Verizon Communications, Inc.*,
478 F.3d 19 (1st Cir. 2007) .......... 5, 10

*Noonan v. Winston Co.*,
135 F.3d 85 (1st Cir.1998) .......... 9

*Northern Laminate Sales, Inc. v. Davis*,
403 F.3d 14 (1st Cir. 2005) .......... 4

*Platten v. HG Bermuda Exempted Ltd.*,
437 F.3d 118 (1st Cir. 2006) .......... 9

*Sawtelle v. Farrell*,
70 F.3d 1381 (1st Cir. 1995) .......... 3

*Situation Management Systems, Inc. v. ASP Consulting Group*,
No. 05-CV-458-PB, 2006 WL 2349335 (D.N.H. Aug. 15, 2006) .......... 7

*Telesphere Commc'n, Inc. v. U.S. Operators, Inc.*,
No. 90C 3719, 1991 WL 144197 (N.D.Ill. July 23, 1991) .......... 8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*United Elec. Radio & Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080 (1st Cir. 1992) ........ 6

*United States v. Swiss American Bank, Ltd.*, 274 F.3d 610 (1st Cir. 2001) ........ 3, 4

*Women & Infants Hosp. v. Community Health Network, Inc.*, 394 F. Supp. 2d 488 (D.R.I. 2005) ........ 4

**STATUTES**

Federal Rules of Civil Procedure Rule 12(b)(2) ........ 5, 11

80406090.5

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, October 24th, 2007.

/s/ J. Scott Kilpatrick