UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD SOSTRE,<br><br>Plaintiff,<br><br>-against-<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>Defendants. | C.A. No. 07-289 |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS BAD BOY ENTERTAINMENT, INC, SEAN COMBS, WARNER MUSIC GROUP CORP. AND GWEN NILES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

CHISHOLM CHISHOLM &
KILPATRICK LLP
One Turks Head Place
Ste. 1313
Providence, RI 02903
Attorneys for Defendants Bad Boy Entertainment, Inc.,
Sean Combs, Warner Music Group Corp. and Gwen Niles

**Preliminary Statement**

This reply memorandum of law is respectfully submitted on behalf of Defendants Bad Boy Entertainment, Inc. ("BBE"), Sean Combs, Warner Music Group Corp. ("Warner Music Group"), and Gwen Niles (collectively, the "Moving Defendants") in further support of their motion, pursuant to Rule 12(b)(2), Fed. R. Civ. P., for an order dismissing the complaint, dated June 8, 2007 (the "Complaint"), on the grounds that this Court lacks personal jurisdiction over these defendants.

As set forth in the Declaration of Sean Combs, dated September 2007, BBE is a passive holding company. It is not engaged in the record or management business and maintains no business presence in Rhode Island. Recognizing this error, Plaintiff, in his memorandum of law in support of his objection to the Moving Defendants' motion to dismiss ("Plaintiff's Memorandum"), acknowledges that he sued the wrong party. He declares his intention to amend his Complaint "to substitute "Bad Boy Records" as the properly named party," Plaintiff's Memorandum at 6, n.1, but no motion to amend has been made. Instead, Plaintiff's opposition papers are still improperly directed at BBE.

Amendment to add Bad Boy Records, LLC ("BBR") would be futile and would be opposed by it. BBR is a record company. It is not engaged in managing artists or producers and thus would not have been in any position to interfere with Plaintiff's management contract with Defendant Anthony Ryan Leslie. *See* Declaration of Derek Ferguson, dated October 23, 2007 ("Ferguson Decl."). At the very least, it is premature for BBR to respond to Plaintiff's misdirected allegations of jurisdiction until Plaintiff has amended his Complaint to add BBR and properly served its amended complaint.

For similar reasons, Plaintiff is not entitled to jurisdictional discovery.

## REPLY FACTS

Plaintiff does not dispute the facts set forth in the Declarations of Sean Combs, Gwen Niles and Paul M. Robinson regarding the absence of minimum contacts between the Moving Defendants and the State of Rhode Island or Plaintiff's alleged claim of tortious interference.

The Moving Defendants' motion to dismiss was premised on the jurisdictional and substantive allegations in the Complaint against Defendant BBE. Thus, Defendant Combs was sued as Chief Executive Officer of BBE, and Defendant Niles was sued as an agent and/or employee of BBE. Complaint at ¶¶5, 13-14.

As stated in Plaintiff's Memorandum, the basis for his Complaint against the Warner Group is Plaintiff's conclusion that: "On information and belief, BBE is owned by Defendant WMG." Plaintiff's Memorandum at 6.

As demonstrated in Defendants' moving papers, BBE is a passive entity, as it is a holding company of stock, partnership and trust interests. It conducts no business in Rhode Island, is not authorized to do business in Rhode Island and has no offices or authorized representatives in Rhode Island. Combs Decl. at ¶12.

Plaintiff does not challenge these assertions. Instead, he asserts his intent at some unspecified time to amend his Complaint to substitute BBR as the proper party. Plaintiff's Memorandum at 6 n.1. The Moving Defendants, however, properly moved against the allegations asserted against the parties to the Complaint. It is inappropriate and manifestly unfair to expect the Moving Defendants in their reply papers to address the jurisdictional infirmities regarding an entity, BBR, that has been neither named in the complaint nor served with process. Moreover, even after acknowledging his pleading error, as well as Defendant Niles' denial that she is an employee of BBE, Plaintiff continues to address his jurisdictional arguments to BBE and its activities. Plaintiff's Memorandum at 6-8.

Plaintiff's implicit contention that BBE and BBR are interchangeable entities is untrue. As set forth in the Ferguson Decl., BBE and BBR are separate and distinct entities. Ferguson Decl. at ¶4. While BBE is a holding company, BBR is engaged in the recording, marketing and selling of records. *Id* at ¶¶3, 5. However, like BBE, BBR is not engaged in the management or representation of artists or producers of recorded music.[1]

The Court should dismiss the Complaint. Although Plaintiff's legal arguments are premised on an admittedly incorrect factual basis, the Moving Defendants will address his arguments as they are presently formulated, subject to the reservation that BBR is not a party and its minimum contacts with the forum are not before the Court.

## ARGUMENT

### THE COMPLAINT AGAINST THE MOVING DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. The Court Lacks Specific Jurisdiction

"Specific jurisdiction exists when there is a demonstrable nexus between plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." *Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

Determining whether a plaintiff has alleged sufficient facts for a finding of specific jurisdiction requires a three-part analysis: "First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum.

[1] Because BBR is not in the business of managing artists or producers, it could not have interfered with Plaintiff's management contract. Amendment to add BBR as a defendant would be futile. *See, e.g., Todisco v. Verizon Communications, Inc.*, 497 F.3d 95 (1st Cir. 2007); *Universal Communications Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007).

Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court must analyze the overrall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction." *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999). As more recently stated by the First Circuit Court of Appeals, where the plaintiff fails to establish the first prong of the jurisdictional test, *i.e.*, that his claim relates to or arises out of defendants' in-forum activities, the court's inquiry is at an end, and it need not consider whether defendants purposefully availed themselves of the forum's laws or whether the exercise of personal jurisdiction would be reasonable under the circumstances. *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001).

As set forth in Defendants' moving papers, Plaintiff's claim of tortious interference with his contract does not "arise out of" nor is it "directly related" to any conduct of the Moving Defendants in the State of Rhode Island, which is necessary for specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Plaintiff does not argue otherwise. Instead, Plaintiff argues that, in intentional tort cases, the relatedness prong for specific jurisdiction may be satisfied merely upon a showing that plaintiff suffered injury in the forum state. That is not the law in the First Circuit.

Plaintiff relies on the "effects" test established by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783, 789 (1984), to argue that, in intentional tort cases, the relatedness prong for specific jurisdiction may be satisfied when the defendant's activities are *targeted* at the forum state and the injury occurs in that state. Plaintiff, however, does not argue that the Moving Defendants targeted Rhode Island through any activities. Plaintiff's Memorandum at 5. Rather,

Plaintiff contends that because he lives and works in Rhode Island, the harm that he suffered occurred in this forum. Id.

As Plaintiff's own authorities demonstrate, "[t]he First Circuit has narrowly construed *Calder."* *Levin v. Harned*, 304 F. Supp.2d 136, 147 (D. Mass. 2003), cited in Plaintiff's Memorandum at 5. In *Swiss American Bank*, *supra*, the First Circuit explained that "*Calder* 'cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction.'" 274 F.3d at 623.

The Court in *Swiss American Bank* explained that in *Calder*, a defamation case, the libelous article was published in the forum state, "and the actual tort or injury, not just its consequences, occurred within the forum." 274 F.3d at 624. The First Circuit thus rejected the proposition, Plaintiff advances here, that the mere fact that plaintiff suffered damages or effects of an intentional tort in the forum is sufficient to establish specific jurisdiction. *See also Mass. Sch. Of Law at Andover*, *supra*, 142 F.3d at 36 ("We have wrestled before with this issue of whether the in-forum effects of extra-forum activities suffice to constitute minimum contacts and have found in the negative.").

Similarly, in *Levin v. Harned*, *supra*, the tort was completed in the forum where the reliance element of the alleged fraudulent misrepresentation occurred. Again, "the actual tort and injury, not just the consequences, occurred within the forum." 304 F. Supp.2d at 150. *See also Imo Indus, Inc. v. Kiekert AG*, 155 F.3d 254, 263 (3d Cir. 1998) ("the mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder")*, quoted approvingly in *Levin v. Harned*, 340 F. Supp.2d at 149.

Plaintiff improperly relies upon *Calder* to satisfy the threshold "relatedness" prong for specific jurisdiction. Plaintiff's Memorandum at 5. However, as the Court holds in *Swiss American Bank*, *Calder* only applies to the second, purposeful availment requirement for specific jurisdiction,

and if the plaintiff cannot meet the initial requirement of demonstrating relatedness, the inquiry is at an end, and the court need not consider whether defendant purposefully availed itself of the protections of the laws of the forum or whether it would be reasonable to hale a non-resident defendant before the courts of the forum. 274 F.3d at 625 ("our jurisdictional analysis need proceed no further. Since the government has failed to satisfy the first prong of the jurisdictional test, its argument for specific jurisdiction must fail"). *See also Levin v. Harned*, *supra*, 304 F. Supp2d at 151 ("…the Court is constrained by *Swiss Am. Bank* from even considering the effects of the tortious conduct until after the relatedness prong has been established…."); *Situation Management Systems, Inc. v. ASP*, 2006 WL 2349335 (D.N.H Aug. 15, 2006) at *5 ("The effects theory is not a substitute for minimum contacts analysis. The First Circuit has held that the effects theory 'is only relevant to the purposeful availment prong' of the minimum contacts analysis"); *PFIP, LLC v. Planet Fitness Enterprises, Inc.*, 2004 WL 2538489 (D.N.H. Nov. 10, 2004) at *5 (same).

As *Swiss American Bank* demonstrates, because Plaintiff has not alleged any connection between his claim and the Moving Defendant's in-forum activities other than his legally insufficient assertion that he felt the effects of the injuries in Rhode Island, this Court need not address the other requirements for specific jurisdiction. *See also Donatelli v. National Hockey League*, 893 F.2d 459, 463 (1st Cir. 1990); *Ballew v. Olson Technologies, Inc.*, 2006 WL 2971370 (D.R.I. Oct. 17, 2006) at *. *See, e.g., Noonan v. Winston Co.*, 135 F.3d 85, 90-92 (1 Cir. 1998) (rejecting purposeful availment argument and declining to consider reasonableness prong).

Even if the Court were to reach the purposeful availment inquiry, Plaintiff has not alleged any acts by the Moving Defendants that were directed with the intent of causing harm to Plaintiff in Rhode Island. Rather, Plaintiff points merely to his residence in Rhode Island and the alleged economic injury to him in Rhode Island. While the First Circuit cases have discussed the intentional targeting of plaintiffs in the forum state under the relatedness or purposeful availment

prongs (*compare Noonan, supra, with Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 19-20 (1st Cir. 2005), they uniformly require plaintiffs to allege facts to establish that defendants engaged in intentional conduct calculated to cause harm to the plaintiffs in the forum state. Thus, in, *Northern Laminate Sales*, the alleged misrepresentations were made directly to a New Hampshire company. In *Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990), plaintiff's complaint alleged that the defendants' actions were directed at New Hampshire residents with the intent to cause them harm in the state, and in *Women's & Infants Hosp. v. Community Health Network, Inc.*, 394 F. Supp.2d 488, 492 (D.R.I. 2005), plaintiffs' claims were based on direct actions and communications between plaintiff and defendant in the forum. No such directly targeted acts or communications have been alleged here.

Indeed, with respect to Defendants Combs, BBE, and the Warner Music Group, Plaintiff's claim of tortious interference for purposes of satisfying the purposeful availment prong is made "on information and belief" (Plaintiff's Memorandum at 8), which is insufficient to satisfy his burden of establishing jurisdiction. *See, e.g., Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) ("the plaintiff must go beyond the pleadings and make affirmative proof"). Plaintiff misguidedly attempts to satisfy the purposeful availment requirement by reference to a statement on Defendant Leslie's website, which is not maintained or controlled by the Moving Defendants and who are not responsible for its contents, including the inaccurate statement that Leslie is managed by BBE. Defendant Leslie's website does not constitute intentional activity by the Moving Defendants, and certainly not activity by them directed at causing harm to Plaintiff in Rhode Island. Moreover, the First Circuit has ruled with respect to websites that "allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state defendants." *McBee v. Delica Co.*, 417 F.3d 107, 124 (1st Cir. 2005). *See also Emissive Energy Corp. v. Innovage Inc.*, 2007 WL 2907869 (D.R.I. Oct. 3, 2007).

**B. <u>The Court Lacks General Jurisdiction</u>**

Plaintiff has also failed to meet the “more stringent” test for general jurisdiction. *Lantor, Inc. v. Nicassio Corp.*, 2007 WL 204015 (D.R.I. Jan. 24, 2007) at *5.

Plaintiff contends that the exercise of general jurisdiction over the “Bad Boy Defendants” is proper based upon sales of records, advertising, shipments, and promoting artists in Rhode Island and by deriving monetary benefit form broadcasting and concerts in Rhode Island. Plaintiff’s Memorandum at 11. Plaintiff defines the “Bad Boy Defendants” as BBE and the other defendants through their status or relationship with BBE. Plaintiff’s Memorandum at 6-7. Plaintiff does not dispute that BBE is a holding company that does not engage in any of the activities that form the basis for his assertion of general jurisdiction. Rather, Plaintiff tacitly admits that he has sued the wrong party. Plaintiff’s Memorandum at 6 n.1.

Although BBR is a record company engaged in the sale, promotion and distribution of records, it is not a party to this action. It is an entirely separate legal entity from BBE, and its activities are not before the Court. While Plaintiff has declared his intention to amend his Complaint to substitute BBR as a party, he does not explain how the Court can exercise general jurisdiction over the activities of a non-party or based upon the activities of an improperly named party.

As presently constituted, the Complaint is directed at the Moving Defendants, who, it is undisputed, have no contacts with the forum. The corporate Moving Defendants are not licensed to do business in Rhode Island, have their principal places of business in New York City, and maintain no authorized agents in Rhode Island to conduct business on their behalf. They do not maintain offices, banking or financial accounts, telephone listings, mailing addresses or P.O. Boxes in the State and do not pay any taxes in Rhode Island. The individual Moving Defendants are residents of New York. They are registered to vote in New York. They own no property in Rhode Island and

do not maintain any banking or financial interests or investments in the state. They also do not have telephone listings, mailing addresses or P.O. Boxes in Rhode Island and likewise pay no taxes in the forum. Indeed, the individual Moving Defendants have not been in Rhode Island in more than a decade.

In short, there are no "continuous and systematic" activities in Rhode Island to support *in personam* jurisdiction over the Moving Defendants.

### C. **Plaintiff Is Not Entitled To Jurisdictional Discovery**

Plaintiff argues that it requires jurisdictional discovery "to ascertain the amount of revenue generated by the 'Bad Boy Defendants' and the amount of sales conducted in Rhode Island." Plaintiff's Memorandum at 11. The Moving Defendants' Declarations that BBE generates no revenue and has no sales in Rhode Island is unrebutted and tacitly accepted by Plaintiff. Plaintiff is not entitled to discovery with respect to BBR, which is not a defendant in this action.

The issue whether to grant or deny jurisdictional discovery is a matter of the district court's discretion. A plaintiff who makes out a colorable case for *in personam* jurisdiction may be entitled to "a modicum of jurisdictional discovery." *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964 (1st Cir. 1997); *Swiss Amer. Bank*, 274 F.3d at 625-26. Plaintiff has not made a colorable case for jurisdictional discovery, and his request should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should grant an order dismissing the Complaint for lack of *in personam* jurisdiction against the Moving Defendants and for such other and further relief as the Court deems just and proper.

Dated: October 24, 2007

Respectfully submitted,

CHISHOLM CHISHOLM &
KILPATRICK LLP

By: /s/ J. Scott Kilpatrick
J. Scott Kilpatrick #4036
One Turks Head Place
Ste. 1313
Providence, RI 02903
Attorneys for Defendants Bad Boy
Entertainment, Inc., Sean Combs,
Warner Music Group Corp. and Gwen Niles

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, October 24th, 2007.

/s/ J. Scott Kilpatrick