UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Richard Sostre,<br><br>Plaintiff<br><br>vs.<br><br>ANTHONY RYAN LESLIE, individually and in his official capacity, BAD BOY ENTERTAINMENT, INC., WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC., CASABLANCA RECORDS, THE MOTTOLA COMPANY, INC., CHAMPION ENTERTAINMENT GROUP, INC., NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individually and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,<br><br>Defendants | : | CA #07-289ML |

**ANSWER OF DEFENDANTS**
**LESLIE, NEXTSELECTION, NEXTSELECTION MUSIC AND WOODS**

1. The defendants neither admit nor deny the allegations contained in this paragraph, as the allegations do not call for a response.

2. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

3. Admitted.

4. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

5. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

6. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

7. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

8. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

9. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

10. Defendants admit that Nextselection, Inc. is licensed to do business in the State of New York and its principal place of business is in Seaford, New York. Defendants deny the remaining allegations in this paragraph.

11. Admitted.

12. Admitted.

13. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

14. The defendants are without sufficient information to admit or deny the allegations

contained in this paragraph.

15. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

16. Defendants Woods admits that at some time he was an employee of Casablanca Records, does not have sufficient information at this time to admit or deny that this was at “relevant times”. Defendants deny the remainder of the allegations in this paragraph.

17. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

18. Denied.

19. The defendants are without sufficient information to admit or deny the allegations contained in this paragraph.

20. Defendant Leslie admits that on or about September 1, 2000, in his capacity as an artist, he entered into an agreement with plaintiff, entitled Personal Management Agreement.

21. Admitted.

22. Defendants admit that the agreement provides for plaintiff to serve as manager for defendant Leslie as an artist, subject to other terms in the agreement. Defendants deny the remainder of the allegations in this paragraph.

23. Denied.

24. Denied.

25. Defendants admit that the agreement provides for an initial term of three (3) years,

subject to other terms of the agreement. Defendants deny that, under the facts and circumstances of this case, the agreement existed after one (1) year.

26. Defendants admit that the agreement provided for the agreement to automatically terminate if defendant Leslie had not entered into a producer agreement with one of the major record companies listed in the agreement, with one (1) year of September 1, 2000.

27. Denied.

28. Defendants deny that the provision referred to in this paragraph had the effect of extending the agreement, under the facts and circumstances of this case.

29. Defendants deny that the provision referred to in this paragraph had the effect of extending the agreement, under the facts and circumstances of this case.

30. Defendants admit that the agreement provided for a twenty (20%) percent commission during the term of the agreement, of Artists' Gross Compensation, and ten (10%) percent thereafter for five (5) years. Defendants deny the remainder of the allegations in this paragraph.

31. Denied as it is unclear what the agreement provides for relative to the allegations in this paragraph.

32. Admitted, assuming that by "business manager", plaintiff means a professional to perform in the same or similar capacity as plaintiff was to perform under the agreement.

33. Denied.

34. Defendants admit that the agreement provides that the Artist shall advise Manager or all offers of employment submitted to Artist, among other things and subject to other parts of the agreement. Defendants further admit that there are various provisions in the

agreement for inspections of books, and that such provisions are more specifically articulated in the agreement. Defendants deny the remainder of the allegations in this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied as to these defendants.

46. Denied as to these defendants.

47. Denied as to these defendants.

48. Denied as to these defendants.

49. Denied as to these defendants.

50. Denied.

51. Denied.

52. Denied.

53. Defendants hereby repeat their responses to the above allegations, and incorporate the same herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## AFFIRMATIVE DEFENSES

1. Defendants plead that the plaintiff breached first.

2. Defendants plead that the agreement terminated after one (1) year, due to the plaintiff's failure to fulfill obligations under the agreement.

3. Defendants plead unclean hands.

4. Defendants plead that the plaintiff failed to satisfy an condition precedent.

5. Defendants plead equitable estoppel.

6. Defendants plead the applicable statute of limitations.

Dated: Providence, Rhode Island
November 20, 2007

Attorneys for Defendants Anthony Ryan Leslie, Nextselection, Inc. d/b/a Nextselection Lifestyle Group, Inc., Nextselection Music Publishing, Inc and Ed Woods

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esq. (#4036)
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903
(401) 331-6300
(401) 421-3185
jskilpatrick@cck-law.com

**Certificate of Service**

I, the undersigned, hereby certify that on the 20th day of November, 2007, I electronically filed the within Stipulation with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participants have received notice electronically: Louise Herman, Esq., 129 Dyer Street, Providence, RI 02903, and Martha A. Holt, Esq., Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903. A copy of the within Stipulation was mailed on said date to L. Peter Parcher, Esq., Kimo S. Peluso, Esq., Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, NY 10036, Jonathan D. Davis, Esq., Jonathan D. Davis, P.,C., 99 Park Avenue - Suite 1600, New York, NY 10016 and Elaine Johnson James, Esq., One North Clematis Street - Suite 400, West Palm Beach, FL 33401.

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esquire (#4036)
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903
(401) 331-6300
(401) 421-3185 Facsimile
jskilpatrick@cck-law.com