UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD SOSTRE,<br>Plaintiff,<br>v.<br><br>ANTHONY RYAN LESLIE, ET AL.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-289ML |

## PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT

### I. Brief Facts and Background

This is an action for breach of contract, breach of implied covenant of good faith and fair dealing and tortious interference with advantageous business relations. On or about September 1, 2000, Richard Sostre and Defendant Ryan Leslie entered into a written Personal Management Agreement ("Agreement") whereby Mr. Sostre was hired to serve as Defendant Leslie's sole and exclusive manager, representative and advisor, regarding all of Defendant Leslie's activities in the Entertainment Industry. The Agreement consisted of an initial three (3) year term, and provided that, if Defendant Leslie has not entered into a term producer agreement with a major record company within one (1) year after September 1, 2000, the Agreement would automatically terminate on September 1, 2001. On or about March 30, 2001, Defendant Leslie entered into a term producer agreement with a major record company. Thereafter, the contract was extended for another three years, to August 31, 2006. In addition, following the expiration of the six-year period, Plaintiff was to be paid commissions for an additional five years, to September 1, 2011. Plaintiff successfully performed his obligations under the contract. Defendant Leslie failed to comply with material terms in the Agreement, including: (1) failing to pay Plaintiff commissions due and

(2) engaging others, including Defendants Woods, Universal Music Group, Inc. ("UMG") and Casablanca Records as his managers.

On June 11, 2007, Plaintiff filed his Complaint in the Rhode Island Superior Court. Defendants removed the case to this Court. On October 1, 2007, Defendants The Mottola Company, Inc., Champion Entertainment Group, Inc., Thomas Mottola, Bad Boy Entertainment, Inc., Sean Combs, Warner Music Group Corp., and Gwen Niles filed Motions to Dismiss for lack of personal jurisdiction. On January 4, 2008, this Court issued a Report and Recommendation granting the Defendants' Motions to Dismiss, and on January 28, 2008, the Court adopted said Recommendation. On September 19, 2007, Defendants UMG and Casablanca Records filed an answer. On November 20, 2007, Defendants Leslie, Nextselection, Nextselection Music and Woods filed an answer.

**II. Law**

Plaintiff has filed common law claims for breach of contract, tortuous interference with advantageous business relations and breach of the covenant of good faith and fair dealing. A breach of contract claim is established when that party demonstrates a "violation of a contractual obligation, either by failing to perform one's promise or by interfering with another party's performance." *Demicco v. Medical Associates of Rhode Island, et al.*, No 99-2512 (D. R.I. filed July 31, 2000). To establish a claim of tortious interference with contract, a plaintiff must show: (1) the existence of a contract, (2) the alleged wrongdoer's knowledge of the contract, (3) his, her, or its intentional interference, and (4) damages resulting therefrom. *Toste Farm Corp. v. Hadbury, Inc.*, 798 A.2d 901 (R.I. 2002). In addition, Rhode Island law holds that *all* contracts contain an implied covenant of good faith and fair dealing between the parties. *Crellin Technologies, Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994). The phrase "good faith and

fair dealing" is defined to mean "that neither party will do anything that will injure the right of the other to receive the benefits of the agreement; the implied covenant imposes upon each party the obligation to do everything that the contract presupposes the party will do to accomplish the contract's purpose." *Apple Valley Mall, LLC v. Floyd Realty Co., Inc.*, 1998 WL 182657 *6 (R.I. Super. 1998)(quoting *Careau & Co. v. Security Pacific Business Credit, Inc.*, 272 Cal.Rpt 387 (1990)).

**III. Issues**

As to Defendants Leslie, Next Selection , Next Selection Music and Woods, since there is no dispute that on or about September 1, 2000, Plaintiff and Defendant Leslie entered into a management agreement, Plaintiff anticipates that the dispute involves when Defendant Leslie breached the agreement and whether Plaintiff satisfied his obligations under the contract. As to Defendants UMG and Casablanca Records, Plaintiff anticipates that the dispute involves whether said Defendants knew of the existence of the contract and whether they intentionally interfered with the contract. Plaintiff is unaware of any other unique legal issues.

Plaintiff,
By his attorney,

/s/ Louise A. Herman, Esq.
Louise A. Herman #6430
129 Dyer Street
Providence, RI 02903
(401) 277-4110
(401) 421-0964 (fax)

**CERTIFICATION**

I hereby certify that on this 31st day of August 2006, I did send a true copy of the within document by electronic means (ECF) to the following: Martha Holt, mholt@eapdlaw.com , Elaine James, Esq., ejames@espdlaw.com, J. Scott Kilpatrick, jskilpatrick@cck-law.com

/s/ Louise A. Herman