**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD SOSTRE,**
**Plaintiff**

**v.**

**ANTHONY RYAN LESLIE, individually and in his official capacity; BAD BOY ENTERTAINMENT, INC.; WARNER MUSIC GROUP, INC.; CASABLANCA RECORDS; THE MOTTOLA COMPANY, INC.; UNIVERSAL MUSIC GROUP, INC.; CHAMPION ENTERTAINMENT GROUP, INC.; NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individual and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,**
**Defendants**

**C.A. No. 07-289ML**

**PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AGAINST DEFENDANT ANTHONY RYAN LESLIE**

Now comes the Plaintiff, Richard Sostre, pursuant to Federal Rules of Civil Procedure 37, and hereby moves this Honorable Court for an Order entering final judgment by default against Defendant Anthony Ryan Leslie for failure to comply with a previous Order of this Court entered on June 16, 2008, compelling Defendant to provide responses to Rule 26 Disclosures, answers to Plaintiff's Interrogatories and responses to Plaintiff's Requests for Production of Documents on or before July 2, 2008. Defendant Leslie has failed to comply with the Court's Order in any respect.

**WHEREFORE**, the Plaintiff prays that this Court enter final judgment by default.

Respectfully Submitted,
Plaintiff,

Richard Sostre,
By His Attorney,
LAW OFFICE OF LOUISE A. HERMAN,

/s/ Louise A. Herman
Louise A. Herman (#6430)
129 Dyer Street
Providence, RI 02903
(401) 277-4110
(401) 621-0964 (fax)
lahermanlaw@verizon.net

## CERTIFICATION

I hereby certify that on the 22nd day of July 2008, I electronically filed the within "Plaintiff's Motion for Order of Default Against Defendant Anthony Ryan Leslie" with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick, LLP
One Turks Head Place, Suite 1313
Providence, RI 02903
jskilpatrick@cck-law.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD SOSTRE,**<br>**Plaintiff**<br><br>**v.**<br><br>**ANTHONY RYAN LESLIE, individually and in his official capacity; BAD BOY ENTERTAINMENT, INC.; WARNER MUSIC GROUP, INC.; CASABLANCA RECORDS; THE MOTTOLA COMPANY, INC.; UNIVERSAL MUSIC GROUP, INC.; CHAMPION ENTERTAINMENT GROUP, INC.; NEXTSELECTION, INC. d/b/a NEXTSELECTION LIFESTYLE GROUP, NEXTSELECTION MUSIC PUBLISHING, INC., ED WOODS, individually and in his official capacity, GWEN NILES, individual and in her official capacity, THOMAS MOTTOLA, individually and in his official capacity, and SEAN COMBS, individually and in his official capacity,**<br>**Defendants** | : | **C.A. No. 07-289ML** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AGAINST DEFENDANT ANTHONY RYAN LESLIE**

## I. Introductory Statement

Plaintiff is forced to file this motion because of Defendant Leslie's continued refusal to provide Plaintiff with discovery responses or with Rule 26 Disclosures, despite the Court's Order of June 16, 2008 ordering the Defendant to do so by July 2, 2008.

## II. Background

This is an action brought by the Plaintiff, Richard Sostre, seeking damages against the Defendants for breach of contract, breach of the covenant of good faith and fair dealing and tortious interference with Plaintiff's advantageous business relations. Defendants Anthony Ryan Leslie ("Leslie"), NextSelection, Inc., and Next Selection

Music Publishing, Inc. ("Leslie Companies") and Ed Woods ("Woods") are presently the named Defendants in this case.[1]

## II. Material Facts

Prior to the Rule 16 conference held on February 19, 2008, Plaintiff contacted Defendants counsel to in an attempt to initiate the Rule 26 conference. Despite the fact that Plaintiff was unsuccessful in doing so, Plaintiff agreed to provide Defendants with certain specific documents they requested, despite the fact that Plaintiff was under no obligation to do so. Thereafter, on February 19, 2008, Plaintiff provided Defendants with the Rule 26 Disclosures. As of that date, Plaintiff was not provided with Defendants' Rule 26 Disclosures. Following the Rule 16 conference, the Court entered a Scheduling Order requiring that all discovery be completed by August 29, 2008. A Settlement Conference was thereafter scheduled for May 5, 2008.

On February 25, 2008, despite the fact that Plaintiff was disadvantaged by Defendant Leslie's refusal to provide Plaintiff with Rule 26 Disclosures, Plaintiff propounded upon Defendant Leslie Plaintiff's Request for Interrogatories and Plaintiff's Request for Production of Documents. Defendant Leslie's responses were due by March 25, 2008. Approximately one week prior to this deadline, Defendant Leslie requested an extension of time up to and including May 5, 2008. Plaintiff agreed to Defendant's request for this lengthy extension in reliance on the expectation that Defendant Leslie would in fact provide Plaintiff with all outstanding discovery by May 5, 2008. A Stipulation was filed on March 19, 2008 extending Defendant Leslie's time to respond to

1 By Order dated January 28, 2008, several Defendants were dismissed from this case for lack of personal jurisdiction and thereafter, Plaintiff voluntarily dismissed two other Defendants.

Plaintiff's discovery to May 5, 2008. The Stipulation was ordered and entered on March 24, 2008.

Further, as of March 21, 2008, Defendants, including Defendant Leslie, had still not provided Plaintiff with Rule 26 Disclosures. By email date March 21, 2008, Plaintiff again requested Defendants' Rule 26 Disclosures. Nevertheless, Defendants continued their failure and/or refusal to provide Plaintiff with Rule 26 Disclosures.

On April 16, 2008, Plaintiff served Defendant Leslie with a Notice of Deposition. The deposition was scheduled to commence on June 6, 2008.[2]

As of late April, 2008, Defendants had still failed to provide Plaintiff with Rule 26 Disclosures and Defendant Leslie had not provided Plaintiff with any discovery responses. As such, Plaintiff was forced to request a postponement of the settlement conference scheduled for May 5, 2008. By Joint Motion filed on April 28, 2008, the Parties requested that the Settlement Conference scheduled for May 5, 2008 be continued. The motion was granted and the Settlement Conference was re-scheduled to June 10, 2008.

As a result of Defendant Leslie's dilatory tactics, on May 12, 2008, Plaintiff advised Defendant Leslie that unless Plaintiff received all outstanding discovery, including Rule 26 Disclosures by May 14, 2008, Plaintiff would be forced to file a Motion to Compel. Due to Defendant Leslie's utter refusal to provide any discovery responses, on May 14, 2008, Plaintiff filed a Motion to Compel with this Court.

Further, due to Defendant Leslie's continued refusal in providing Plaintiff with any discovery responses and Defendants, including Defendant Leslie's failure to provide

[2] As Plaintiff had not been provided with any responses to discovery or with Rule 26 Disclosures, Plaintiff was forced to cancel the deposition. Plaintiff has re-noticed Defendant Leslie's deposition for August 8, 2008.

Rule 26 Disclosures, Plaintiff was forced to request another postponement of the settlement conference. The parties requested that the Court again postpone the Settlement Conference scheduled for June 10, 2008 until such time as Plaintiff receives Defendant Leslie's outstanding discovery responses and the Rule 26 Disclosures.

Thereafter, Defendant Leslie continued his ongoing failure to cooperate in discovery. Plaintiff agreed to file an Assented to Order, entered by the Court on June 16, 2008. In accordance with the Court's Order, Defendant Leslie was required to provide Plaintiff with responses to Rule 26 Disclosures and responses to Plaintiff's outstanding discovery requests on or before July 2, 2008.

To date, Defendant Leslie has refused to comply with the Court's Order and has failed to object or otherwise provide Plaintiff with any discovery responses whatsoever. In further contravention of the Court's Order, to date, Defendant Leslie has refused to provide Plaintiff with any Disclosures in accordance with Rule 26.

Finally, not only has Defendant Leslie refused to comply with discovery requests and Orders of this Court, I anticipate based upon the representations of counsel that if and when Plaintiff is provided with discovery, it will be sorely lacking. I am advised that Defendant Leslie takes the position that, based upon his own incorrect interpretation of the contract at issue, he intends to provide Plaintiff with discovery responses that will be limited to his capacity as an artist.

## VI. Conclusion

In light of Defendant Leslie's continuing and persistent failure and/or refusal to cooperate whatsoever in the discovery process, despite the Court's Order of June 16, 2008 to do so on or before July 2, 2008, Plaintiff requests that the Court enter an Order defaulting Defendant Leslie and awarding Plaintiff reasonable attorney's fees.

Alternatively, Plaintiff requests that the Court issue a short time-framed conditional order requiring Defendant Leslie to respond fully and completely to all outstanding discovery, including Rule 26 Disclosures and further that all objections have been waived.

Respectfully Submitted,
Plaintiff,
Richard Sostre,
By His Attorney,
LAW OFFICE OF LOUISE A. HERMAN,

/s/ Louise A. Herman
Louise A. Herman (#6430)
129 Dyer Street
Providence, RI 02903
(401) 277-4110
(401) 621-0964 (fax)
lahermanlaw@verizon.net

## CERTIFICATION

I hereby certify that on the 22nd day of July 2008, I electronically filed the within "Memorandum of Law in Support of Plaintiff's Motion for Order of Default Against Defendant Anthony Ryan Leslie" with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick, LLP
One Turks Head Place, Suite 1313
Providence, RI 02903
jskilpatrick@cck-law.com